### James A. Hinson v. Joseph S. Ralston.

1. PRACTICE—*No One Is to Be Condemned Unheard.*—It is a maxim of the law that no one shall be condemned unheard, but the kind and extent of the hearing to which a party is entitled upon an interlocutory motion for an injunction, appears to be a matter largely in the discretion of the court.

Hinson v. Ralston.

2. APPELLATE COURT PRACTICE—*Appeals to Be Tried by the Record as It Stood When the Appeal Was Taken.*—An appeal is to be tried by the record as it stood when the appeal was taken, and not by what it was on a day before.

3. INJUNCTIONS—*Applicant Must Show that He Is Entitled to the Writ.*—A party who asks for an order of court granting an injunction must show that he is entitled to it. Such restraining orders are not granted because they will do no harm.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1901. Appeal dismissed. Opinion filed February 21, 1902.

**Statement by the Court.**—November 4, 1901, the Circuit Court of Cook County entered an order in a cause wherein appellee was complainant, and appellant, with others, was defendant, enjoining appellant from voting certain stock owned by him in the National Car Coupler Company, a corporation, at any election of directors held prior to December 5, 1901.

An appeal was perfected by appellant from this order. (Case No. 10365.) December 4, 1901, the court entered an order extending this injunction to and including January 5, 1902, and from this order an appeal was perfected. (Case No. 10367.) By order of this court these appeals were consolidated.

Appellee, as complainant, on the 26th of June, filed a bill in the Circuit Court of Cook County against appellant as a stockholder in the National Car Coupler Company, making parties defendant the company, The Commercial National Bank and Guardian Trust Company. The bill prayed for the specific performance of two certain contracts, set out *in haec verba* in the bill, signed by appellant and appellee, for the sale and delivery of certain stock then owned by the former in said company, and which had been deposited in escrow under said contracts with said bank.

This bill as filed was not verified and contained no prayer for injunction. A general demurrer was filed by appellant August 2, 1901. The last of October appellee served on appellant notice of an intended application for an injunc-

tion, together with a large number of affidavits, to be used in support of the motion. Appellant at once filed a verified answer.

The motion for an injunction thereafter came on to be heard. Appellant then had on file a sworn answer to said bill, which, if true, showed that the complainant was not entitled to an injunction or any other relief, and therewith submitted to the court a large number of affidavits and urged the court to read, hear read, or consider the same. Whereupon the court stated to counsel that he did not desire to hear a motion of this character upon affidavits, and would refer the application for an injunction to the master, and in the meantime grant a temporary restraining order. To this counsel for defendant Hinson objected. Whereupon the court asked of counsel for defendant Hinson his reasons why such a temporary injunction should not be granted; whereupon counsel for defendant Hinson stated to the court that the bill upon its face was demurrable, and the benefit of that demurrer had been reserved in the answer filed, and if the court would listen to argument and the affidavits and answers which counsel had at hand and desired to read, no injunction, temporary or otherwise, would be granted; that any injunction would greatly prejudice the interests of the defendant Hinson; that there was a deadlock in the board of directors; it was embarrassed in the management of its affairs; that defendant Hinson's stock was tied up and the company could not successfully transact its business with the present quarrel, and that there were a large number of other stockholders whose rights should be protected and considered; that defendant Hinson's stock was so tied up that he was unable to use the same in his business transactions as he desired to do; the company was refusing to pay his dividends; and that there were many other reasons; and urged the court to consider the cause as presented and listen to the affidavits and papers there presented, which would still further disclose to the court the reason why it would be unjust to grant the said injunctions. Thereupon the court directed coun-

sel to prepare an order for a temporary injunction of thirty days, and referred said application for injunction to the master, which order was duly prepared and submitted, and counsel for defendant Hinson then called attention of the court that there was no prayer in the bill for an injunction; whereupon the court refused further to consider the entire matter, but granted complainant's motion for leave to amend his bill.

November 4th, upon the contested motion calendar the motion again came on to be heard, and on the counter motion of the defendant Hinson, that said cause be set down for hearing upon bill and answer, and also on motion of complainant for leave to file instanter, replications to said answer, the motion not being called until 5:30 P. M., complainant presented to the court a draft of an order, and counsel for defendant urged the court to permit him to read the answer and affidavits, and properly argue and present the case, and stated that the draft of the order as presented would throw the control of election into the hands of complainant and his friends; thereupon the court stated he would enter no order, except one that would absolutely prohibit the holding of said election; that it was so late he would not permit counsel to read the pleadings and affidavits; that he was satisfied that no injury would accrue to the defendant by granting a temporary injunction for thirty days; and counsel for defendant stating that he could and would close proofs within fifteen days, that the evidence could be heard and disposed of on its merits, the court denied defendant's motion to set cause down for hearing upon bill and answer, granted complainant's motion to file, instanter, replications, and granted leave to complainant to amend, instanter, the verification of said amended bill. Thereupon the following order was entered November 4, 1901:

"On this day this cause came on to be heard on the motion of complainant for a temporary restraining order herein. And the court being sufficiently advised in the premises does

Order, adjudge and decree that the defendant, James A.

Hinson, be and he hereby is enjoined and restrained from voting any of the shares of the stock of the National Car Coupler Company described in the bill of complaint herein at any election of directors of said company to be held before December 5, 1901, and from in any way representing said stock in dispute at said election. This injunction to be effective upon the complainant filing a bond in penalty of one thousand dollars to be approved by the court, which bond is filed herewith, with the American Surety Company as surety, and approved by the court.

This order is entered upon the express stipulation of complainant and the express condition that enough shares shall be withheld from said meetings prior to December 5, 1901, together with said shares described in the bill, to prevent any legal election, or a quorum being present; this order to be inoperative if said complainant shall not perform said stipulation. From this order an appeal was taken, being in this court No. 10,365."

December 4th, the following proceedings were had :

" The court ordered that in the hearing before the master, complainant close his proofs this day; that the defendants close their proof by December 14th; that the master report by December 18th, and this cause and exceptions to the report be set for hearing before Judge Horton on the 23d day of December, 1901. And also on motion of complainant, and report and recommendation of master— ordered that the temporary injunction be extended beyond the term to which it is limited, to wit, December 5, 1901, up to and including the 5th day of January, 1902; and until the said 5th day of January, 1902 or the further order of the court, the defendant, James A. Hinson, is enjoined and restrained from doing any of the things in said order forbidden to be done upon the terms and conditions therein set out, upon the complainant filing a bond in the penal sum of $1,000, to be approved by the court."

From this order continuing the injunction an appeal was taken, being in this court No. 10,367.

ALBERT N. & EDWARD P. EASTMAN, attorneys for appellant.

WARREN B. WILSON, attorney for appellee.

Mr. JUSTICE WATERMAN delivered the opinion of the court. While appellant by no means concedes that an injunc-

tion should, at any time, have been issued, his principal complaint is that the court refused to hear or consider the answer or affidavits filed by him, but issued the two injunctions without considering his reply to the bill or hearing what he had to say in opposition to the making of either order.

It is a maxim of the law that no one shall be condemned unheard; but the kind and extent of hearing a party is, upon an interlocutory motion, entitled to, seems to be a matter largely in the discretion of the court.

In chancery, orders and decrees must be supported by the record; but one who comes to this court alleging error, must point out wherein the record fails to sustain the action of the court appealed from.

An appeal is to be tried by the record as it stood when the appeal was taken and not by what it was a day before.

The first injunction may have been erroneously granted upon a bill containing no prayer for an injunction, but before an appeal was taken from this injunctional order, the complainant, by leave of court, amended his bill in this regard.

Each of the injunctions was not merely temporary, but for a short period—thirty days. The second order was upon the recommendation of the master before whom the application for an injunction had been referred, as well as the cause itself, to take testimony and report his conclusions thereon.

The situation presented to the chancellor was unique. An election was about to be held; either party, if permitted to vote the disputed stock, would largely control the choice of directors. The court had not time to hear the bill, answer, affidavits in support of each, and arguments of counsel, before the election, and therefore, in effect, enjoined complainant and defendant from voting.

The court asked counsel what harm could come from such action. Injunctions are not granted because they will do no harm. He who asks for an order of court must show that he is entitled thereto.

It is questionable, if, under the allegations of the bill, either complainant or defendant had, after the ninety days mentioned in the first contract, any right to maintain an action thereunder; a contract that may at any time be canceled by either party is an agreement of doubtful enforceability.

Neither party, however, seems to have so understood it. Appellant brought suit for the price of the stock he had agreed to sell, and appellee to compel its transfer.

Each party submitted to the court for hearing the motions for and objections to the respective orders. The comments of the Supreme Court in Blair v. Reading, 99 Ill. 600–610, are therefore not applicable to this situation.

Upon bill and answer, it seems as if the injunctions ought not to have been granted, but bill and answer were supported by affidavits; and none of these is abstracted.

Each injunctional order has expired; the questions presented to this court by these appellees are in this controversy of consequence only as regards costs.

The question is not so much whether the court gave to defendant such patient hearing and consideration as it ought, but rather, were either of its orders so erroneous that this court will now set it aside.

The character of the orders, as to time of duration as well as the circumstances under which each was made, is to be considered.

If either of these orders had been for an indefinite period, a different question would have been presented.

The defendant, at the filing of the bill, had pending a suit wherein he affirmed the sale of this stock and sought to recover payment therefor, and, so far as appears, such suit was pending at the time each of the injunctional orders was made. As to this the defendant merely says that subsequent to the filing of the bill he instructed his attorneys to dismiss that suit.

It is to be regretted that judicial action is ever hastily taken, or without full and patient hearing of the parties thereto, but something must be left to the discretion of the

*nisi prius* judge. Ordinarily, when a trial court in the decision of any question renders a judgment or makes an order *pro forma,* an appellate court, in reviewing the same, will order the judgment to be rendered or the order made which should have been rendered or made in the first instance. Manhattan, Alma & Burlingame Rd. Co. v. Keeler, 32 Kan. 163. We perceive no intention to treat the complainant unfairly; all that the court had before it, whether considered or not, is not abstracted for our examination.

The court stated to counsel for appellant that he did not desire to hear a motion of this character upon affidavits. The court did not state that he had no knowledge of the contents of bill, answer or affidavits.

The court, as before stated, granted injunctions, each for thirty days, because of what seemed to it emergencies calling for such action.

We are not prepared, upon the presentation made to us, to say that it erred in so doing, and that such orders must, after they have expired, be reversed.

The appeals will therefore be dismissed.