THE PEOPLE *ex rel.* POLLUTION CONTROL BOARD, Plaintiff-Appellant, *v.* LLOYD A. FRY ROOFING COMPANY, Defendant-Appellee.

(No. 56800;

First District—March 22, 1972.

William J. Scott, Attorney General, of Springfield, (David C. Landgraf, Kenneth A. Manaster, and James I. Rubin, Assistant Attorneys General, of counsel,) for appellant.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago, (Burton Y. Weitzenfeld and Paul L. Leeds, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from an order denying a temporary restraining order. Plaintiff's motion sought an order enjoining defendant to cease violation of the orders entered by the Illinois Pollution Control Board on October 14, 1971 and November 15, 1971 in the matter of *Lloyd A. Fry Roofing Co. v. EPA, Rev. Louis Hemmerich, et al. v. Lloyd A. Fry Roofing Co.* (PCB 71-4, 71-3, Consolidated). The action before the Board was commenced by Fry's filing of a petition for variance from applicable air pollution regulations and by the filing of a complaint by private citizens alleging air pollution violations by Fry's Summit plant. The Board consolidated the two matters and conducted hearings in accordance with the provisions of the Environmental Protection Act, S.H.A. ch. 111½, pars. 1001-1051 (Effective July 1, 1970). On the basis of the evidence presented, the Board on October 14, 1971, ordered Fry to cease and desist emissions from its plant until such time as pollution abatement equipment was installed and the plant's operations brought within the regulations pertaining to particulate emissions. The Board also levied a $50,000 penalty.

On November 12, 1971, defendant filed with the Board a Motion for Rehearing and a Motion for Stay of the Board's Orders. Concurrently,

defendant filed a petition for Appellate Court review of the Orders. (That appeal is presently pending in the Second Division; No. 56629). On November 15th, the Motion for Rehearing was denied and the Motion for a Stay was allowed as to the monetary penalty but denied as to the cease and desist order. On December 14, 1971, plaintiff filed a Complaint for Injunction and a Motion for Temporary Restraining Order against defendant in the Circuit Court of Cook County, alleging non-compliance with the Board's orders. Defendant was served with notice of this motion. The motion was denied on December 17, 1971, after which this appeal followed. On December 20, 1971, defendant filed a Motion for Stay with the Appellate Court which was denied on January 17, 1972. On December 22, 1971, defendant filed a Motion to Dismiss the appeal, contending that the denial of a motion for a temporary restraining order is non-appealable.

*OPINION*

We shall first consider defendant's motion to dismiss this appeal. The right to appeal from an order of the Circuit Court is dependent upon whether that order is classified as a "final judgment" or as an "interlocutory order." Supreme Court Rule 301[1] provides that every final judgment of a Circuit Court in a civil case is appealable as of right. However, only those interlocutory orders enumerated in Supreme Court Rule 307 are appealable as of right.[2] Both parties to this appeal have presented their arguments on the dual assumptions that the denial of plaintiff's motion for a temporary restraining order was an interlocutory order, and that the Appellate Court's jurisdiction to entertain the appeal from that order must therefore be found, if at all, in Supreme Court Rule 307. We do not share these assumptions. It is only with great circumspection that a reviewing court should extend its inquiry beyond the scope of arguments presented by counsel. Nonetheless, the subject of its own jurisdiction is one of such importance that it is not uncommon for a reviewing court to raise matters of jurisdiction *sua sponte*. (*Chevrolet v. Division of Narcotic Control*, 27 Ill.2d 429, 431, 189 N.E.2d 347; *Krauss v. Mutual Merchandise Co.*, 336 Ill.App. 358, 83 N.E.2d 894.) Similarly, assumptions by parties as to the applicability of statutes cannot preclude a reviewing court from independently assessing such applicability and in appropriate cases holding contrary to those assumptions. (*City of Aurora, v. Y.M.C.A.*, 9 Ill.2d 286, 137 N.E.2d 347.) Mindful of such precedent, and in view of the unique jurisdictional issue presented to this Court, we shall extend our inquiry beyond Supreme Court Rule 307 and shall consider the applicability of Supreme Court Rule 301.

---

[1] Ill. Rev. Stat. 1969, ch. 110A, par. 301.

[2] Ill. Rev. Stat. 1969, ch. 110A, par. 307.

■■■ Whether an order constitutes a "final judgment" for purposes of Supreme Court Rule 301 must be determined upon a consideration of the specific nature of the controversy and the effect of the order upon that controversy. The primary test to be applied is whether the order "terminates the litigation on the merits, or whether it retains jurisdiction for future determination of matters of substantial controversy." *Impey v. City of Wheaton,* 60 Ill.App.2d 99, 103, 208 N.E.2d 419. The applicable test is more broadly described in *Gould v. Klabunde,* 326 Ill.App. 643, 646, 63 N.E.2d 258:

> "No particular form is required in the proceeding of a court to render its order a judgment. The test as to whether an order is final and appealable is not one of mere words but of substance and intention. (*Goetz v. McCormick,* 213 Ill.App. 33, 38.) A final judgment is one that finally disposes of the rights of the parties. (*Brauer Machine & Supply Co. v. Parkhill Truck Co.,* 383 Ill. 569, 575.) The test is whether it terminates the litigation on the merits and determines the rights of the parties. (*Groves v. Farmers State Bank of Woodlawn,* 368 Ill. 35, 45.) If an order of court dismisses the proceedings or finally disposes of the cause, it is a final order. *Williams v. Huey,* 263 Ill. 275."

To properly apply these criteria to the order appealed from, a brief review of the Illinois statutory scheme of injunctions and temporary restraining orders is in order.

Prior to 1967 Illinois equity practice knew two forms of injunctive relief—the permanent injunction and the temporary or preliminary injunction.[3] The latter provided emergency injunctive relief without notice when a plaintiff made a satisfactory showing of potential undue prejudice. In 1967 the legislature amended the statute to provide an additional emergency injunctive provision, the temporary restraining order,[4] which was patterned after the comparable federal remedy in Federal Rule 65(b).[5]

■■ The Illinois temporary restraining order allows injunctive relief without notice upon a showing that "immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon." This provision, aside from its 10 day limitation and certain procedural niceties, essentially duplicates the remedy still afforded by preliminary injunctions, which the legislature amended insubstantially in 1967. In contrast with the federal framework, which distinguishes preliminary injunctions by requiring notice to adverse

---

[3] Ill. Rev. Stat. 1965, ch. 69, par. 3.

[4] Ill. Rev. Stat. 1969, ch. 69, par. 3-1.

[5] Fed. R. Civ. P. 65 (b).

parties before their issuance, Illinois thus provides two substantively indistinguishable remedies for emergency injunctive relief. Regardless of this anomaly, we believe that the legislature, by its amendments in 1967, intended to create a system of injunctive relief in Illinois similar to that practiced in the federal courts. The traditional purpose of a temporary restraining order in the federal scheme is to maintain the status quo until a hearing can be had on an application for a preliminary injunction. A preliminary injunction, in turn, maintains the *status quo* during the pendency of a trial on the merits. (See the following discussions of temporary restraining orders and preliminary injunctions: Fins, "Is the Grant or Denial of a Restraining Order Appealable?", 44 Chi. Bar Rec. 386 (1963); Leighton, "Elements of Equitable Relief" 2 John Mar. J. of Prac. & Proc. 230, 238 (1969); Schiller, "Injunctive Relief Without Notice—Preliminary Injunction or Temporary Restraining Order," 52 Chi. Bar Rec. 304 (1971).) Usually, temporary restraining orders are issued or denied by a court which will subsequently retain jurisdiction to conduct a hearing on the merits to determine whether further injunctive relief is warranted. An order denying or granting the temporary restraining order is merely the inception of what may be protracted litigation. As such, the order is usually deemed non-final and non-appealable. (*Bohn Aluminum & Brass Co. v. Barker* (1972), 3 Ill.App.3d 600, 278 N.E.2d 247.) There exist situations, however, in which the denial of a motion for a temporary restraining order renders moot any further litigation. Such was the case in *United States v. Wood* (5th Cir. 1961), 295 F.2d 772, where the Government sought to restrain defendants from prosecuting a black man, on the theory that such prosecution was designed to and would intimidate other qualified blacks from attempting to register to vote. In reviewing the district court's denial of the Government's motion, the Fifth Circuit Court of Appeals, while recognizing the general non-reviewability of orders denying temporary restraining orders, recognized an exception as well. 295 F.2d at 778:

"On the basis of these cases, we feel that the Supreme Court has approved a practical construction of section 1291 * and that an order, otherwise non-appealable, determining substantial rights of the parties which will be irreparably lost if review is delayed until final judgment may be appealed immediately under section 1291. We, therefore, determine the denial of the temporary restraining order to be a final decision, appealable under 28 U.S.C.A. par. 1291."

We believe that this rule accords with the pronouncements of Illinois

---

* 28 U.S.C. 1291: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts * * *"

courts that finality of judgment shall be determined by reference to the primary effect of an order rather than to its form. We further believe that, in the case at bar, the order of the trial court denying the State's motion for a temporary restraining order had the effect of determining substantial rights of the parties which will be irreparably lost if review is delayed. Denial of enforcement of the Board's cease and desist order allowed a daily continuation of what the Board described as a "severe burden and nuisance on the community." We hold that such a denial was appealable as of right under Supreme Court Rule 301.

■■■ On October 14, 1971, after having conducted six evidentiary hearings, the transcript of which contained over 900 pages, the Pollution Control Board issued an opinion concerning Fry's petition for variance and the complaint against Fry for alleged unlawful pollution. That opinion concluded as follows:

"On the state of the record, it is abundantly clear that Fry's operation during the years 1970 and 1971 and continuing down to the present, have caused a severe burden and nuisance on the community."

The Board sought to remedy this situation by ordering Fry to cease operations until it could install effective pollution abatement equipment. Defendant was entitled to seek a stay of that order in the Appellate Court. (See Supreme Court Rule 335, S.H.A. ch. 110A, par. 335 (Effective July 1, 1971)). However at the time the State sought judicial enforcement of the Board's order, by requesting a temporary restraining order, the Appellate Court had not granted defendant a stay. (Defendant's motion for a stay was subsequently denied.) We believe that under these circumstances, it was an abuse of discretion for the trial court to deny plaintiff's motion for a temporary restraining order. We reverse the order denying plaintiff's motion, and demand for expeditious proceedings not inconsistent with this judgment.

Reversed and remanded with directions.

SCHWARTZ and LEIGHTON, JJ., concur.