SEAGRAM DISTILLERS COMPANY, Plaintiff-Appellee, *v.* FOREMOST SALES PROMOTIONS, INC. *et al.,* Defendants-Appellants.

(No. 57053;

First District (5th Division)—June 29, 1973.

*Rehearing denied July 25, 1973.*

Patrick W. O'Brien, David S. K. Platt, and Douglas J. Parry, all of Chicago, for appellants.

Allen H. Schultz, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff "Seagram Distillers Company, a division of Joseph E. Seagram & Sons, Inc., an Indiana corporation" filed a verified complaint for "temporary" and permanent injunctions against Foremost Sales Promotions, Inc., and several independent liquor retailers doing business as Foremost Liquors alleging that defendants violated the Illinois Fair Trade Act. (Ill. Rev. Stat. 1969, ch. 121½, secs. 188—191.) Pursuant to proceedings detailed below, the court issued two orders, an "order" maintaining the status quo and then a "temporary injunction." Defendants' notice of appeal challenges only the validity of the "temporary injunction."

On appeal defendants contend: (1) that the complaint is invalid because plaintiff may be one of two entities, (2) that the complaint is insufficient because a corporation cannot do business in Illinois under an assumed name, and (3) that the injunction is invalid because it is not specific as to its terms.

After the complaint, defendants filed a motion to dismiss the complaint for three reasons: (1) that the complaint was insufficient because the plaintiff may be one of two entities, either a separate corporation or a division of a parent corporation, (2) that the complaint is insufficient because a corporation cannot do business in Illinois under an assumed name, and (3) that an exhibit to the complaint was inapplicable because it was executed after the violations alleged in the complaint.

Plaintiff then filed a verified motion for a "temporary injunction." Following arguments by counsel, the court denied plaintiff's motion and gave plaintiff the opportunity to reply to defendants' motion to dismiss which it set for argument at a later date. Plaintiff filed a verified reply to defendants' motion to dismiss alleging that defendants' motion should be stricken for lack of verification and that defendants' arguments are irrelevant and state no defense.

Before the date set for arguments on the motion to dismiss had arrived, plaintiff because of defendants' additional advertisements, filed a verified petition for temporary restraining order (which does not appear in the record.) At the hearing thereon, in response to the court's inquiry, defendants' counsel stated "No, we will not maintain the status quo." The court then entered an "order" maintaining the status quo until it could hear arguments on the motion to dismiss which was set for argument some eleven days later. When that date arrived, the court was engaged in trial. After discussing other times for hearing arguments on the motion to dismiss, defendants' counsel continued to refuse to maintain the status quo and stated he would like to challenge the validity of an order maintaining the status quo. Thereupon, the court entered a "temporary injunction" in the following terms:

> "[D]efendants [naming them], and each of them, together with their agents, servants, employees and attorneys, and all persons in active concert or participation with them are hereby enjoined and restrained, *until such time as this case can be heard on the merits,* or otherwise disposed of, from willfully and knowingly advertising, offering for sale or selling [plaintiff's] products including but not limited to [listing some of them] in Illinois, at less than the prices stipulated by plaintiff from time to time in any contract entered into pursuant to the provisions of the Fair Trade Act of the State of Illinois, which contracts at the time of filing of the complaint herein were, are now, and will hereafter be in force in Illinois relating to the sale or resale of any of said beverages in that State." (Emphasis added.)

*OPINION*

Defendants' first and second contentions, relating to the validity of the complaint, were raised at trial in a motion to dismiss the complaint. As plaintiff correctly points out, these matters are still pending in the trial court as it did not have an opportunity to rule on the motion. In view of this fact, we do not believe it is proper for us to advise defendants or the trial court on these matters.

However, in the light of the distinction between temporary restraining orders and preliminary injunctions, we believe we must call attention to the unusual procedure in the instant case. Here the trial court issued an "order" maintaining the status quo for a period of eleven days upon a verified petition for a temporary restraining order and then issued a "temporary injunction" without hearing either evidence or arguments after previously having denied a motion for such an injunction.

■■ First, regarding the order maintaining the status quo, we believe the trial court merely misdesignated a temporary restraining order.

Plaintiff properly requested a temporary restraining order upon defendants' additional advertisement. A temporary restraining order may issue to preserve the substance of the controversy, plaintiff's good will, until the court may rule on the matter of a preliminary injunction. If the situation justifies emergency relief, a temporary restraining order may issue regardless of the existence of unresolved legal issues (as where a motion to dismiss is pending). (See *Paddington v. Foremost Sales Promotions, Inc.* post, p. 170.) Furthermore, in a proper case, a temporary restraining order, if expressly and narrowly limited in duration, may issue for more than ten days where it is issued upon notice. The ten-day limitation on the issuance of temporary restraining orders in the Injunction Act (Ill. Rev. Stat. 1971, ch. 69, sec. 3—1) applies only to those issued without notice, not to those issued with notice. Since a temporary restraining order is not appealable (*Kirchenberg v. Chicago Transit Authority* post, p. 184.) if trial courts were to use the proper term in the proper situation, this court would not be unduly burdened with unnecessary appeals.

■■ Second, aside from the fact that the misleading term "temporary injunction" was used (see *Paddington Corp. v. Foremost Sales Promotions, Inc.* post, p. 170), serious problems resulted in this case from the issuance of a "temporary injunction." From the terms of the instant injunction, "until such time as this case can be heard on the merits," it is clear that the court entered a preliminary injunction. However, this was more relief than was sought or than the situation required. The trial court would not be engaged in another trial during all the time before trial on the merits in the instant case.

■■ When only questions of law are present as here where the pleading shows only a motion to dismiss, a trial court is not precluded from issuing a preliminary injunction upon the yet undisputed facts alleged in a verified complaint. (*Capitol Records, Inc. v. Vee Jay Records, Inc.* (1964), 47 Ill.App.2d 468, 197 N.E.2d 503.) However, even where no questions of fact are present, the trial court still must satisfy itself that the standards for issuing a preliminary injunction are met. In the instant case, the trial court could not possibly have satisfied itself that the standards for issuing a preliminary injunction were met. Here the trial court heard neither evidence nor legal arguments before issuing the injunction. Therefore, we believe the trial court erred in issuing the instant injunction.

■■ Here, a temporary restraining order or an extension of an existing temporary restraining order would have served the court's purpose. The entry of such an order would have permitted the court to hear arguments on defendants' motion to dismiss and at that time to reconsider,

if necessary, the issuance of a preliminary injunction. Defendants' refusal to preserve the substance of the controversy pending the court's determination, even preliminarily, of the issues could, in the court's discretion, have justified the issuance of a temporary restraining order but not a preliminary injunction in these circumstances. A preliminary injunction was more extensive relief than was required.

██ This error was sufficiently serious to justify reversing and remanding the case. The judgment of the circuit court of Cook County is therefore reversed and remanded with instructions to hold a hearing on the motion to dismiss and for such further proceedings as may not be inconsistent with this opinion.

Reversed and remanded with instructions.

DRUCKER, P. J., and ENGLISH, J., concur.