THE PADDINGTON CORPORATION, Plaintiff-Appellee, v. FOREMOST SALES PROMOTIONS, INC. et al., Defendants-Appellants.

(No. 57054; )

First District (5th Division)—June 29, 1973.

Patrick W. O'Brien, David S. K. Platt, and Douglas J. Parry, all of Chicago, for appellants.

Allen H. Schultz, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Paddington Corporation filed a verified complaint for injunctive relief against Foremost Sales Promotions, Inc. and several independent liquor retailers doing business as Foremost Liquors alleging that defendants violated the Illinois Fair Trade Act. (Ill. Rev. Stat. 1969, ch. 121½, secs. 188—191.) Defendants filed a verified answer which denied many of plaintiff's material allegations. Other pleadings not relevant to this appeal were also filed. When the matter came to the court's attention, the court was experiencing scheduling difficulties. Defense counsel told the court defendants would not maintain the status quo. Without holding an evidentiary hearing, the trial court then entered the following "temporary injunction":

> "[D]efendants [naming them], their agents, servants, employees and attorneys, and all persons in active concert or participation with them are hereby enjoined and restrained, *until such time as this case can be heard on the merits,* or is otherwise disposed of, from willfully and knowingly advertising, offering for sale or selling [plaintiff's] products, including but not limited to [naming one of them], in Illinois, at less than the prices stipulated by plaintiff from time to time in any contract entered into pursuant to the provisions of the Fair Trade Act of the State of Illinois, which contracts at the time of filing of the complaint herein were, are now, and will hereafter be in force in Illinois relating

to the sale or resale of any of said beverages in that State." (Emphasis added.)

On appeal defendants contend: (1) that the injunction is invalid because a prior hearing was not held where a verified answer denied material allegations raised in a verified complaint, and (2) that the injunction is invalid because it is not specific as to its terms.

OPINION

■■ Defendants first contend that the injunction is invalid because no prior evidentiary hearing was held. Even though defense counsel had told the trial court that defendants would not maintain the status quo, defendants argue that the trial court erred in not holding an evidentiary hearing before issuing an injunction because their verified answer raised questions of material fact. A well-established rule of equity pleading seems to support defendants' position. The best expression of this rule occurs in *Centennial Laundry Co. v. West Side Organization* (1966), 34 Ill.2d 257, 215 N.E.2d 443. There the Illinois Supreme Court held that a "temporary injunction" may not be issued without a prior evidentiary hearing where the pleading shows a verified answer which controverts material factual allegations in plaintiff's complaint. Although this decision preceded the 1967 revision of the Illinois Injunction Act (Ill. Rev. Stat. 1967, ch. 69) which substituted two different types of injunctions for the "temporary injunction," the court in *Schlicksup Drug Co. v. Schlicksup* (1970), 129 Ill.App.2d 181, 262 N.E.2d 713, indicated that the rule applies with equal force to preliminary injunctions. Other decisions, however, demonstrate that a prior evidentiary hearing is unnecessary in the absence of disputed questions of material fact. Thus, such a hearing is not required where no answer is filed (see *Capitol Records, Inc. v. Vee Jay Records, Inc.* (1964), 47 Ill.App.2d 468, 197 N.E.2d 503) or where an answer does not controvert material factual allegations. (*Seay & Thomas, Inc. v. Kerr's Inc.* (1965), 58 Ill.App.2d 391, 208 N.E.2d 22.) Although the case of *Hoda v. Hoda* (1970), 122 Ill.App.2d 283, 258 N.E.2d 386, almost reaches the issue, no decisions indicate whether this rule specifically applies to temporary restraining orders.

■■ The trial court in the instant case entered a "temporary injunction." Since the 1967 revision of the Injunction Act, only two types of injunctions may be entered prior to resolution of the controversy on its merits: (1) temporary restraining orders (Ill. Rev. Stat. 1971, ch. 69, sec. 3—1) and (2) preliminary injunctions. (Ill. Rev. Stat. 1971, ch. 69, sec. 3.) While the prior statute did not use the term "temporary injunction," the case law did so in referring to any injunction which could be issued prior to trial on the merits. Now, not only are "temporary injunctions" no

longer appropriate but the use of the term "temporary," which may refer to either type of injunction issued prior to trial on the merits, is misleading. A careful distinction between these two injunctions is important because a temporary restraining order is non-appealable while a preliminary injunction is appealable. (*Kirchenberg v. Chicago Transit Authority,* post, p. 184. *Bohn Aluminum & Brass Co. v. Barker* (1972), 3 Ill.App.3d 600, 278 N.E.2d 247.) In determining appealability, appellate courts will focus on the effect of the injunction rather than its designation. *People ex rel. Pollution Control Board v. Fry Roofing* (1972), 4 Ill.App.3d 675, 680, 281 N.E.2d 757, 759-760.

■■■ Temporary restraining orders and preliminary injunctions serve totally different purposes. A preliminary injunction is the primary means of obtaining injunctive relief prior to trial on the merits, which relief is exceptional in its own right. The standards for issuing preliminary injunctions involve a variety of circumstances, but generally the court must be satisfied of the need for such relief and the probability of ultimate success on the merits. Preliminary injunctions require notice (*People ex rel. Pollution Control Board v. Fry Roofing* (1972), 4 Ill.App.3d 675, 678-679, 281 N.E.2d 757, 760) and some sort of hearing. The nature of the required hearing depends upon the status of the pleading. A prior evidentiary hearing is required only where questions of material fact exist. (*Schlicksup Drug Co. v. Schlicksup* (1970), 129 Ill.App. 181, 262 N.E.2d 713.) Furthermore, since defendant is entitled to an opportunity to be heard and since the court must satisfy itself that the standards for issuing such an injunction are met, a hearing of legal arguments is generally required before a preliminary injunction may issue.

■■■ A temporary restraining order is an emergency remedy of extremely brief duration which may issue only in exceptional circumstances and only until the trial court can hear arguments or evidence, as the circumstances require, on the subject matter of the controversy and otherwise determine what relief is appropriate. The circumstances which normally justify its issuance relate primarily to preventing destruction of the subject matter of the controversay before the trial court has the opportunity to rule on the matter and to preventing imminent and irreparable injury to plaintiff before notice or hearing of arguments or evidence may be held. The only standard for issuing such an order is that the trial court must be satisfied of the existence of such an extreme emergency that such relief is required. We expect that such circumstances are extremely rare. However, the need for the existence of such a remedy is recognized in the Injunction Act (Ill. Rv. Stat. 1971, ch. 69, secs. 3 and 3—1) and is suggested in two cases which preceded the

1967 revision of the Injunction Act: *Chicago Motor Coach Co. v. Budd* (1952), 346 Ill.App. 385, 389-390, 105 N.E.2d 140, 142-143, and *Hinson v. Ralston* (1902), 100 Ill.App. 214. Furthermore, although the limitations on the form of temporary restraining orders in the Injunction Act (Ill. Rev. Stat. 1971, ch. 69, sec. 3—1) specifically apply only to such orders issued without notice, they do provide guidance for the trial court in issuing such orders with notice. From the nature of temporary restraining orders and their non-appealability, we believe it is clear that the presence of an answer which denied material factual allegations does not preclude issuance of a temporary restraining order in an appropriate situation.

■■ The circumstances of the instant case would have permitted the trial court to issue a temporary restraining order. Here defense counsel specifically told the court that they would not maintain the status quo. It was clear that defendants would subsequently advertise plaintiff's products in what plaintiff's complaint alleged would have been *in* violation of the Fair Trade Act if not restrained. It was also clear that imminent and irreparable injury might result *before an evidentiary hearing could be held.* The substance of the controversy, plaintiff's good will, could be further destroyed. This was an appropriate situation for the entry of a temporary restraining order pending, in this case, an evidentiary hearing for a preliminary injunction.

■■ However, such a temporary restraining order was *not* entered in the instant case. The terms of the injunction, restraining defendants "until such time as this case can be heard on the merits * * *," exceeds the proper duration of a temporary restraining order. If the trial court intended to enter a preliminary injunction it was necessary to hold an evidentiary hearing. Since no hearing was held the entry of this type of injunction was error.

Therefore, the judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with instructions.

DRUCKER, P. J., and ENGLISH, J., concur.