(No. 47632.—

KABLE PRINTING COMPANY, Appellee, v. MOUNT MORRIS BOOKBINDERS UNION LOCAL 65-B GRAPHIC ARTS INTERNATIONAL UNION *et al.,* Appellants.

*Opinion filed May 28, 1976.—Rehearing denied June 28, 1976.*

Thomas V. Allison of Cotton, Watt, Jones, King & Bowlus, and Jacob Pomeranz, of Kleiman, Cornfield & Feldman, all of Chicago, for appellants.

Francis E. Hickey and Peter DeBruyne, of Miller & Hickey, of Rockford, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On December 6, 1974, the circuit court of Ogle County entered an order denying a motion by defendants, Mount Morris Bookbinders Union Local 65-B and Mount Morris Photoengravers Union Local 91-P of the Graphic Arts International Union, and certain individual defendants who are either officers or members of the unions (hereinafter defendants), to dissolve a temporary restraining order which had been issued against them on August 30, 1974. On appeal, the appellate court affirmed the order of the circuit court, holding that in a proper case, where notice has been given, a temporary restraining order may issue for more than 10 days. (*Kable Printing Co. v. Mount Morris Bookbinders Union, Local 65-B,* 27 Ill. App. 3d 500.) We granted defendants leave to appeal in which they contest the correctness of the appellate court's determination.

The facts are basically undisputed. Plaintiff, Kable Printing Company, operates a plant located in Mount Morris, Illinois. The defendant unions are certified collective bargaining representatives for certain employees of the plaintiff. On or about May 10, 1974, defendants commenced a strike against plaintiff. On August 27, plaintiff filed a verified petition for injunction, a verified petition for a temporary restraining order and notice of the petition for a temporary restraining order in the circuit court of Ogle County. These petitions sought to enjoin defendants from engaging in certain described conduct in relation to the strike. The petition for a temporary restraining order indicated that the petitions, summons, and notice of motion for temporary restraining order were personally served on the defendants.

On August 28, 1974, all of the defendants, except one individual, were personally served with notice informing them that on August 29, at 10 a.m. the plaintiff would seek a hearing on its request for a temporary restraining

order. Pursuant to this notice counsel for the opposing sides and all of the named defendants appeared in court. At the trial judge's request, counsel adjourned to his chambers to discuss the litigation and determine if an agreement could be reached on the substance of a temporary restraining order. After four or five hours of discussion the trial judge read his order in open court, and a written order was entered on August 30.

While the particular provisions of this order, entitled "Order for Temporary Restraining Order," are not especially relevant to this appeal, it should be noted that part II enjoined the plaintiff and its agents from engaging in certain specified conduct and also dismissed two charges of the complaint without prejudice. Part III also required the plaintiff to post a bond. The order further recited "[t]hat it is in the best interest and safety of the general public that both parties be restrained from threatening, intimidating or coercing each other. The parties will suffer irreparable damage if a temporary restraining order is not granted." The order was to "remain in full force and effect pending further order of this Court." Subsequent to the entry of this order, injunction writs were issued and served on all defendants.

Following issuance of the temporary restraining order, plaintiff took no action on its petition for an injunction. On September 25, certain defendants filed a motion to dismiss the petition, contending that it failed to state facts sufficient to indicate irreparable harm. Plaintiff filed a memorandum in opposition, but these defendants never noticed the motion for a hearing, and no disposition was ever made thereof. On November 25, plaintiff petitioned the circuit court to hold the defendants in contempt for violation of the temporary restraining order. A hearing was held on December 2, at which time the defendants moved to dismiss the contempt petition on the grounds that the alleged violations occurred more than 10 days after the

entry of the court's order on August 30, by which time it had expired by force of statute. When the trial court denied the motion, defendants orally moved to dismiss the temporary restraining order. This motion was denied on December 6, and the defendants brought the instant appeal. The record is unclear, but it appears the trial court stayed action on the petition for contempt pending this appeal.

The statute dealing with temporary restraining orders provides, in pertinent part:

"No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. *Every temporary restraining order granted without notice* shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and *shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.* The reasons for the extension shall be entered of record. In case a temporary restraining order is granted *without notice*, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order.

On 2 days' notice to the party who obtained the temporary restraining order *without notice* or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to

hear and determine such motion as expeditiously as the ends of justice require." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 69, par. 3—1.

The sole issue raised in this appeal is whether the temporary restraining order entered on August 30 expired by force of statute after 10 days duration. Defendants maintain it did and argue that the appellate court decision shatters the underlying concept of a temporary restraining order, which is a drastic and short term remedy. Under the present appellate court decision, defendants contend, an injunction of unlimited duration can now be issued under those circumstances which previously justified only a 10-day temporary restraining order. In support of their position, defendants argue that section 3—1 of the Injunction Act is word for word identical to Rule 65(b) and (d) of the Federal Rules of Civil Procedure prior to its 1966 amendment. Accordingly, decisions construing the Federal rule should be relevant by analogy and by adoption, since the presumption must prevail that when the legislature selected the Federal rule for use in Illinois it also adopted the established judicial interpretation of that rule.

While the question of the duration of a temporary restraining order has not previously been considered by this court, we have considered the issue of the appealability of such an order. In *Bohn Aluminum & Brass Co. v. Barker,* 55 Ill.2d 177, we noted that the language of section 3—1 was patterned after, although it did not follow verbatim, the language of Rule 65(b) and (d). In the Federal courts a temporary restraining order is ordinarily not appealable. (See Moore, Federal Practice, par. 110.20[5] ,(2d. ed.)) We found, however, decisive differences between the Federal rule and our section 3—1 which precluded any argument that the enactment of section 3—1 imported into Illinois practice the Federal doctrine of nonappealability. We held that a temporary restraining order under section 3—1 was appealable under

Supreme Court Rule 307 (Ill. Rev. Stat. 1973, ch. 110A, par. 307).

The decisive differences recognized in *Bohn Aluminum* plus the fact that a temporary restraining order is appealable under Illinois procedure, but not under Federal procedure, sap the vitality of those Federal decisions interpreting Rule 65(b) and (d) which might aid in constructing section 3—1. We note, however, that in the recent case of *Granny Goose Foods, Inc. v. Teamsters Local 70*, 415 U.S. 423, 432 n.7, 39 L. Ed. 2d 435, 447 n.7, 94 S. Ct. 1113, 1121 n.7, wherein Rule 65(b) was discussed, the United States Supreme Court observed that by its terms this rule only limits the duration of restraining orders issued without notice.

Even the most cursory reading of section 3—1 reveals that the 10-day limitation of a temporary restraining order relates only to those orders issued *ex parte*. The language of the statute is quite clear and explicit in this regard. The obvious purpose behind the 10-day limitation is not present when the adverse party has notice and the opportunity of a hearing.

"From its enactment in 1874 until 1967 the Injunction Act referred to injunctions generally, without explicitly distinguishing between permanent and temporary injunctions and without making specific provision for the latter. Some provisions of the Act, however, such as sections 8, 9, and 12 (Ill. Rev. Stat. 1965, ch. 69, pars. 8, 9, and 12), which deal with injunction bonds and with damages for the wrongful issuance of an injunction, could only have been applicable to preliminary, as opposed to permanent, injunctions [citations], thus evidencing a legislative intention that such relief might be awarded. The same intention was disclosed by section 3 (par. 3), which forbade the granting of an injunction without previous notice to the adverse party

unless it appeared from the complaint or from an accompanying affidavit that 'the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice.' For many years trial courts in this State have entertained applications for preliminary injunctions, referring to them, interchangeably, as preliminary injunctions, temporary injunctions, interlocutory injunctions, restraining orders, and interlocutory orders. [Citations.]

\* \* \*

The term 'temporary restraining order' was introduced into the Injunction Act in 1967 by an amendment which added a new section, numbered 3—1, that prescribed the conditions for the issuance of such an order without notice. (Laws of 1967, p. 2715, Ill. Rev. Stat. 1967, ch. 69, par. 3—1.) The same legislation also amended section 9, which relates to injunction bonds, so as to provide for such a bond in connection with a temporary restraining order as well as a preliminary injunction, and clarified section 3 by inserting the word 'preliminary' before the word 'injunction.'

\* \* \*

The first sentence of section 3—1 provides:

'No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon.'

Section 3, as amended in 1967, contains very similar language:

'No court or judge shall grant a preliminary injunction without previous notice of the time and place of the application having been given the adverse

party unless it clearly appears, from specific facts shown by the verified complaint or by affidavit accompanying the same, that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon.'

Section 3 and section 3—1 thus cover much the same ground, but the latter prescribes more rigorously and in greater detail the proof of injury which must be made, and it sets a maximum time during which the defendant may be restrained when the restraining order is obtained *ex parte*. It has been suggested that the failure of the legislature to repeal section 3 leaves an applicant for interim relief the option of proceeding under that section and thereby avoiding whatever additional requirements are imposed by section 3—1. (Schiller, Injunctive Relief Without Notice—Preliminary Injunction or Temporary Restraining Order, 52 Chi. Bar Rec. 304 (1971); *cf.* O'Brien, Chancery Practice: Injunctions and Emergency Relief, 54 Chi. Bar Rec. 21, 23-24 (1972)." *Bohn Aluminum & Brass Co. v. Barker,* 55 Ill.2d 177, 179-83.

A preliminary injunction under section 3 may be granted with or without notice, and if the latter, with a showing of "immediate and irreparable injury." Additionally, the movant must establish the likelihood of ultimate success on the merits of the case. (*Frenchik v. Dean,* 62 Ill.2d 231, 241; *Wessel Co. v. Busa,* 28 Ill. App. 3d 686, 690.) Under section 3—1 a temporary restraining order may also be granted with or without notice, and if the latter, with a showing of "immediate and irreparable injury." Moreover, a temporary restraining order issued without notice, unlike a corresponding preliminary injunction, is limited in duration unless specifically extended for 10 days upon a showing of good cause or for a longer

period upon the consent of the adverse party. It is apparent from a consideration of these two sections that a temporary restraining order issued with notice is, in its practical results, no different than a preliminary injunction issued with notice. The only difference between the two is that the latter requires the movant to show a probability of success on the merits. To permit such a distinction is incongruous and obviously contrary to the legislature's intention in creating a system of injunctive relief. Accordingly, we hold that a temporary restraining order issued with notice and a preliminary injunction issued with notice, neither of limited duration, are the same type of relief, and whether referred to under either term require a showing of the likelihood of ultimate success on the merits of the case. The order provided it would "remain in full force and effect pending further order of this court," and defendants cannot ignore what was clearly stated.

Accordingly, we affirm the judgment of the appellate court and remand the cause to the circuit court of Ogle County for further proceedings.

*Affirmed and remanded.*