LAWTER INTERNATIONAL, INC., Plaintiff-Appellee, *v.* JOHN R. CARROLL *et al.*, Defendants-Appellants.

First District (4th Division)    No. 82-758

Opinion filed July 1, 1982.

Vedder, Price, Kaufman & Kammholz, of Chicago (John A. Relias, Arthur J. McGivern, and Richard F. Zehnle, of counsel), for appellants.

Jenner & Block, of Chicago (Albert E. Jenner, Jr., Rodney D. Joslin, John H. Mathias, Jr., Deborah H. Bornstein, Michael A. Weinbaum, and Alan Raphael, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The trial court denied the defendants' motion to dissolve what is entitled a "Temporary Restraining Order" but which the defendants denominate as a preliminary injunction. The defendants appeal from the denial of their motion.

On March 4, 1982, the plaintiff, Lawter International, Inc. (Lawter), filed a verified complaint for an injunction and a motion for a temporary restraining order and a preliminary injunction. Lawter sought to restrain the defendants, John R. Carroll, James A. Carroll, Richard M. Bradley and Carroll Scientific, Inc., from competing with Lawter and from disclosing trade secrets. On the same day and prior to the hearing on the motion for the temporary restraining order, the defendants filed a verified answer denying the material allegations of the complaint and also interposing affirmative defenses. The fact that the defendants appeared, filed a verified answer and interposed affirmative defenses made this a motion for a temporary-restraining order with notice.

The trial court entered the temporary restraining order against the defendants on March 4, 1982, without holding an evidentiary hearing. The

order specifically stated that its purpose was "to maintain defendant's status quo" until the motion on a preliminary injunction could be fully considered. The order further stated that a hearing on the plaintiff's motion for a preliminary injunction would be held within eight days on March 12, 1982. On March 12, the temporary restraining order was extended to March 22, 1982. The defendants do not contest the propriety of the issuance of these orders.

On March 22, 1982, the court entered the following order which forms the basis of this appeal:

"The hearing on plaintiff's motion for a preliminary injunction is set for the following dates:

March 25, 1982 at 3 p.m.

March 29, 1982 at 2:30 p.m.

March 30, 1982 at 3 p.m.

April 1, 1982 at 2:30 p.m.

April 2, 1982 at 2:30 p.m.

The temporary restraining order previously entered in this matter shall remain in full force and effect pending further orders of this court."

Also, on March 22, 1982, the defendants filed a motion to dissolve "the injunction entered on March 4, 1982 and extended to March 22, 1982." The motion was denied.

The defendants' position is that the order of March 22, 1982, despite its label, is in fact a preliminary injunction because it states that the previous order "shall remain in full force and effect pending further orders of this court." The defendants argue that such language makes the order of unlimited duration and thus transforms it into a preliminary injunction. They contend that in the face of a verified answer denying the material allegations of the complaint, a preliminary injunction should only be granted after holding an evidentiary hearing at which the parties have an opportunity to be heard. *Centennial Laundry Co. v. West Side Organization* (1966), 34 Ill. 2d 257, 215 N.E.2d 443.

The defendants' argument that this is a preliminary injunction and not a temporary restraining order rests largely on certain statements by the Illinois Supreme Court in the case of *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B* (1976), 63 Ill. 2d 514, 349 N.E.2d 36. There both parties appeared in court. After a discussion in chambers which lasted several hours, the court entered an order that was entitled "Court Order For Temporary Restraining Order." The order provided that it was to "remain in full force and effect pending further order of this court." Three months later when the plaintiff sought to have the defendants held in contempt for an alleged violation of the temporary restraining order, the defendants moved to dismiss the contempt citation on the

grounds that the violations occurred more than 10 days after the entry of the court's order and consequently it expired under the express terms of section 3—1 of the statute dealing with injunctions and temporary restraining orders. (Ill. Rev. Stat. 1979, ch. 69, par. 3—1.) The relevant portions of the statute are as follows:

> "Every temporary restraining order granted *without notice* * * * shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless * * * the order * * * is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period * * * In case a temporary restraining order is granted *without notice*, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time * * *." (Emphasis added.)

The supreme court affirmed the validity of the order in *Kable Printing Co.* because it was granted with notice and the 10-day limit did not apply. In doing so, it made the statements upon which the defendants rely in their argument that the temporary restraining order in the instant case was transformed into a preliminary injunction.

> "* * *a temporary restraining order issued with notice is, in its practical results, no different than a preliminary injunction issued with notice. * * * Accordingly, we hold that a temporary restraining order issued with notice and a preliminary injunction issued with notice, *neither of limited duration*, are the same type of relief * * *." (Emphasis added.) 63 Ill. 2d 514, 524, 349 N.E.2d 36, 40."

■■ When the order in the instant cause is read as a whole, we believe that it is not like the order in *Kable* and is not of unlimited duration as the defendants contend. Rather, the order here is a temporary restraining order and in fact of limited duration. Although the order states that it "shall remain in full force and effect pending further orders," which might suggest it is of unlimited duration, the order then sets the first hearing on the preliminary injunction within three days of the issuance of the order and the next four hearings within the following eight days. Thus, the net effect of the language in the instant order is not to make it of unlimited duration as the defendants contend, but only to maintain the status quo until the hearing on the preliminary injunction can be completed.

■■ Since we find that the temporary restraining order at issue here is of limited duration, the next question is whether section 3—1 further limits such an order to only 10 days. We do not believe so. If the temporary restraining order in the instant cause were issued without notice then the statute clearly applies and states that every temporary restraining order granted without notice "shall expire by its terms" in a period not to exceed 10 days. However, the order in the instant case was issued with notice. Since the statute does not consider temporary restraining orders issued

with notice, it does not apply to temporary restraining orders issued with notice. As the court stated in *Kable Printing Co.*: "Even the most cursory reading of section 3—1 reveals that the 10-day limitation of a temporary restraining order relates only to those orders issued *ex parte*. The language of the statute is quite clear and explicit in this regard." 63 Ill. 2d 514, 521, 349 N.E.2d 36, 39.

■■ Furthermore, we see no compelling reason why a temporary restraining order issued with notice should be limited to only 10 days. The purpose of a restraining order is to maintain the status quo until both parties can appear before the court and present evidence on the preliminary injunction. (*Paddington Corp. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 170, 300 N.E.2d 484; *Kirchenberg v. Chicago Transit Authority* (1973), 13 Ill. App. 3d 184, 300 N.E.2d 482; 43 C.J.S. *Injunctions* sec. 10 (1978); 42 Am. Jur. 2d *Injunctions* sec. 14 (1969); 7 J. Moore, Federal Practice, par. 65.05 (2d ed. 1982).) To issue such an order for more than 10 days when only one party is before the court and has presented evidence is clearly unfair to the other party. (See *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B* (1976), 63 Ill. 2d 514, 521, 349 N.E.2d 36, 39.) However, we believe it is not unfair to extend such an order for a limited time beyond 10 days at the discretion of the court when both parties are before the court and hearings have been scheduled to begin within a short period of time.

Therefore, we affirm the order of the circuit court of Cook County in denying the defendants' motion to dissolve the temporary restraining order.

Affirmed.

ROMITI and LINN, JJ., concur.