IDILIA L. JURCO, Plaintiff-Appellee, *v.* ROBERT STUART, Defendant-Appellant.

First District (4th Division)    No. 82—1158

Opinion filed November 19, 1982.

Hollander and Hollander, of Chicago (Howard D. Hollander, Richard J. Hollander, and Gary P. Hollander, of counsel), for appellant.

Walter M. Ketchum, Ltd., of Chicago (Terence O'Dekirk, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The trial court entered a temporary restraining order. The defendant claims that the temporary restraining order was allowed to ripen into a preliminary injunction without holding an evidentiary hearing. This is an appeal from the denial of a motion to dissolve the order. An additional issue on appeal is whether the court erred by not requiring the plaintiff to post bond.

The plaintiff, Idilia L. Jurco, and the defendant, Robert Stuart, are the sole shareholders and are directors of a corporation known as Enjoyable Eating, Inc. (Enjoyable). Enjoyable operates a restaurant under the name of CIAO.

On April 2, 1981, Stuart, acting in his capacity as Enjoyable's agent, executed two promissory notes and a security agreement. Stuart then signed the security agreement acting in his capacity as the secured party. A year later, on April 6, 1982, Stuart gave notice to Enjoyable of his intent to exercise his right as a secured creditor under the Uniform Commercial Code (Ill. Rev. Stat. 1981, ch. 26, par. 1—101 *et seq.*) and to sell the pledged collateral on April 16, 1982. Jurco received notice of the sale on April 11, 1982.

On April 16, 1982, the date of the sale, Jurco filed the instant action against Stuart. She alleges that Enjoyable owes her back salary and loan payments; that she ceased being informed of Enjoyable's business activities in March 1981; that she had no knowledge that the

notes and security agreement had been extended; that on her "information and belief," Stuart did not lend money to the corporation and that the security interest is in fact a fraud upon the shareholders. She further alleges that any sale of its assets will put Enjoyable out of business and that if the sale is held she will suffer irreparable harm and injury because Enjoyable will have insufficient funds to compensate her for past salary and loans to the corporation. Jurco asked the court to enjoin the sale because she has no adequate remedy at law and because there is insufficient time to investigate the legality and authenticity of the security agreement and to determine whether there has in fact been a default.

On April 16, 1982, the court issued the first of five orders which are relevant to this appeal. The first order enjoined the sale "until further order" of the court and set a hearing date on the preliminary injunction in 10 days, April 26, 1982. There is no report of proceedings in this cause but it appears to us that this first order was issued with notice because both parties were before the trial court. The second order dated April 26, was issued immediately after the defendant filed his verified answer. It continued the temporary restraining order until "further order of this court" and scheduled opening statements on the preliminary injunction for the next day, April 27. Jurco made these opening statements and Stuart did not. The third order entered on April 27, denied the defendant's motion to dissolve the temporary restraining order and required the defendant to produce documents for an *in camera* inspection the following day. This *in camera* inspection took place on April 28, 1982. The fourth order entered on April 29, 13 days after the original temporary restraining order and three days after the defendant filed his answer, stated "that this matter is continued for status until May 12, 1982," a period of 13 days. Then on May 12, 1982, the court issued the fifth and final order relevant to this appeal. The court denied the defendant's oral request for a hearing date on the preliminary injunction noting "a six month backlog to hear preliminary injunctions" and also denied the defendant's request for a reassignment to the chief judge to obtain a hearing date. The court then set May 24, 1982, for further status.

The defendant filed this appeal and requested that the temporary restraining order be dissolved. At oral argument, the defendant stated that satisfactory relief would be to remand the matter to the trial court for an immediate evidentiary hearing on the preliminary injunction.

Stuart contends that the temporary restraining order has been allowed to ripen into a preliminary injunction without a proper eviden-

tiary hearing. Specifically, Stuart argues that a temporary restraining order exceeds its proper duration and becomes a preliminary injunction if it is extended indefinitely by such language as "until such time as this case can be heard on the merits." Also, a preliminary injunction is improperly issued when the defendant has filed a verified answer and there has been no evidentiary hearing. Stuart cites *Paddington Corp. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 170, 300 N.E.2d 484, and *Seagram Distillers Co. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 166, 300 N.E.2d 490, as support for his contentions.

We believe the structure contemplated by sections 3 and 3—1 of the Injunction Act (Ill. Rev. Stat. 1981, ch. 69, pars. 3, 3—1) is the three-tiered system of injunctive relief similar to that practiced in the Federal court which consists of temporary restraining orders, preliminary injunctions and permanent injunctions. *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65—B* (1976), 63 Ill. 2d 514, 520, 349 N.E.2d 36, 38; *People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co.* (1972), 4 Ill. App. 3d 675, 281 N.E.2d 757; *Paddington Corp. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 170, 300 N.E.2d 484; see *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 186 (Ryan, J., dissenting).

■■ ■ The first proceeding is the temporary restraining order. A temporary restraining order is a drastic, emergency remedy which may issue only in exceptional circumstances and for a brief duration. (*City of Chicago v. Airline Canteen Service, Inc.* (1978), 64 Ill. App. 3d 417, 380 N.E.2d 1106; *Board of Trustees v. Cook County College Teachers Union Local 1600* (1976), 42 Ill. App. 3d 1056, 356 N.E.2d 1089; *Paddington Corp. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 170, 300 N.E.2d 484; see Hechinger, *Requisites for the Issuance of a TRO and an Injunction in the Chancery Division,* 63 Chi. Bar Rec. 184 (1982).) The purpose of a temporary restraining order is to maintain the status quo until a hearing can be had on an application for a preliminary injunction. (*People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co.* (1972), 4 Ill. App. 3d 675, 281 N.E.2d 757.) Whether the temporary restraining order is with or without notice it is upon a summary showing of the necessity of the order to prevent immediate and irreparable injury. (See Moore, Federal Practice par. 65.05 (2d ed.).) If the temporary restraining order is without notice, it is limited to a period of 10 days with a possible exception as stated in the statute of another 10 days under certain circumstances. (Ill. Rev. Stat. 1981, ch. 69, par. 3—1; *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65—B* (1976), 63 Ill. 2d

514, 349 N.E.2d 36.) If the temporary restraining order is issued with notice the 10-day time limit does not apply. 63 Ill. 2d 514, 521, 349 N.E.2d 36, 39; *Lawter International, Inc. v. Carroll* (1982), 107 Ill. App. 3d 938, 438 N.E.2d 590.

█ █ The problem arises in cases such as the one at bar where there has been a summary proceeding with notice and a temporary restraining order is issued but no hearing date is set. The effect then is to have an order with significant consequences extant with only a limited opportunity on the part of a party to resist such an order. To allow a temporary restraining order of unlimited duration is to have a preliminary injunction (*Kable Printing Co. v. Mount Morris Bookbinders Union Local 65—B* (1976), 63 Ill. 2d 514, 349 N.E.2d 36) without giving the one party a fair opportunity to oppose the application and to show if he can why an injunction should not issue. (See Moore, Federal Practice par. 65.04[3] (2d ed.).) A preliminary injunction then maintains the status quo during the pendency of a trial on the merits. *People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co.* (1972), 4 Ill. App. 3d 675, 281 N.E.2d 757.

A defendant should be allowed to present evidence and legal argument. (*Paddington Corp. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 170, 300 N.E.2d 484.) Oral argument is not proper evidence. *People ex rel. Scott v. Aluminum Coil Anodizing Corp.* (1971), 132 Ill. App. 2d 168, 268 N.E.2d 53.

█ Because of the evidentiary hearing requirement for a preliminary injunction, we do not believe that the instant order emanating from a summary proceeding, albeit with notice, for an unspecified duration is within the statutory scheme envisioned by the legislature. Although a temporary restraining order with notice may exist beyond 10 days, the hearing must be set within a short time thereafter so as to prevent the potential significant consequences of only a summary proceeding to exist more than a short period of time. We have held that a temporary restraining order with notice which is to exist beyond the 10-day period is a proper order where the hearing on the preliminary injunction is scheduled immediately following the expiration of a 10-day order. (*Lawter International, Inc. v. Carroll* (1982), 107 Ill. App. 3d 938, 438 N.E.2d 590.) This holding comports with the rationale that a temporary restraining order is an emergency proceeding to maintain the status quo until a hearing can be held on the preliminary injunction. (*People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co.* (1972), 4 Ill. App. 3d 675, 281 N.E.2d 757.) A hearing on a preliminary injunction that is delayed for more than a short period of time, or as in this case, a hearing at an unspecified

date in the not immediately foreseeable future, does not comport with the statutory scheme.

Therefore, the order of the trial court allowing the temporary restraining order is affirmed and in accordance with the request of the defendant, the cause is remanded with instructions to proceed with an immediate hearing on the motion for the preliminary injunction.

An additional issue urged by Stuart on appeal is that the court erred in not requiring Jurco to post bond. On the basis of the record before us, we cannot determine the factual basis upon which the trial court made this decision. Therefore, we are unable to respond to this issue in any meaningful way on appeal.

Affirmed and remanded.

JOHNSON, P.J., and LINN, J., concur.