THE PEOPLES GAS LIGHT AND COKE COMPANY, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

First District (1st Division)   No. 83—402

Opinion filed August 15, 1983.

Stanley Garber, Corporation Counsel, of Chicago (Jerome A. Siegan and Maureen Kelly Ivory, Assistant Corporation Counsel, of counsel), for appellant.

Simon & Spitalli and Hopkins & Sutter, both of Chicago (Raymond F. Simon, Joseph A. Spitalli, Peter B. Freeman, Michael M. Conway, William Carlisle Herbert, and Joseph F. Griffin, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

On February 1, 1983, the plaintiff, Peoples Gas Light and Coke Company, filed a verified complaint for declaratory and injunctive relief which alleged that the city of Chicago's "Winter Gas Termination and Reconnection Ordinance" (Municipal Code of the City of Chicago 1983, ch. 187.1) was unconstitutional. The ordinance prohibited Peoples Gas from terminating gas service to any residential customer or master-metered residential building during the months of November through March inclusive. The ordinance also required the gas utility to reconnect service to any residential consumer or residential master-metered building where certain minimal payment provisions were met.

On February 15, 1983, a hearing was held on plaintiff's motion for a temporary restraining order to enjoin the enforcement of the city's ordinance. At the time set for hearing, the city had yet to file a verified answer to plaintiff's complaint. Argument was heard in support of and in opposition to the issuance of the temporary restraining order (TRO). At the conclusion of oral argument, the judge stated that he would grant the TRO. With the court's permission, the city then filed its unverified answer instanter and the court entered the following order:

"IT IS HEREBY ORDERED THAT, for the reasons stated in open court and for the reasons that all requirements for entry of a temporary restraining order with notice having been satisfied, the motion of plaintiff The Peoples Gas Light and Coke Company for entry of a temporary restraining order is granted and defendant the City of Chicago and its agents be and they hereby are restrained and enjoined until further order of Court from application and enforcement of the Winter Gas Termination and Reconnection Ordinance, Chapter 187.1 of the Municipal Code of the City of Chicago;

IT IS FURTHER ORDERED, pursuant to the agreement of the parties that the duration of the temporary restraining order

shall continue beyond 10 days until further order of the Court and that no preliminary injunction hearing shall be scheduled until and unless requested of the Court by either party."

Immediately after the above order was entered, the city filed a motion to dissolve the TRO which was denied, and the present interlocutory appeal was perfected by the city pursuant to Supreme Court Rule 307(a) (87 Ill. 2d R. 307(a)).

On appeal, the city contends that the TRO entered below is in reality a preliminary injunction and that the trial court abused its discretion by entering such an order without first conducting an evidentiary hearing. The city argues that such a hearing is necessary to determine whether established standards for granting a preliminary injunction were met. We disagree.

■■ ■ Section 3 and section 3—1 of the Injunction Act (Ill. Rev. Stat. 1981, ch. 69, pars. 3, 3—1, now codified at Ill. Rev. Stat. 1981, ch. 110, pars. 11—101, 11—102) establish a three-tier system of injunctive relief consisting of temporary restraining orders, preliminary injunctions, and permanent injunctions. (*Kable Printing Co. v. Mount Morris Bookbinders Union Local 65—B* (1976), 63 Ill. 2d 514, 520, 349 N.E.2d 36; *Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 408, 442 N.E.2d 633.) The temporary restraining order is an emergency remedy issued to maintain the status quo until a hearing can be held on an application for a preliminary injunction. (*Bismarck Hotel Co. v. Sutherland* (1980), 92 Ill. App. 3d 167, 175, 415 N.E.2d 517.) Whether a temporary restraining order is with or without notice, it is issued upon a *summary* showing of the necessity of the order to prevent immediate and irreparable harm. (*Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 408.) In contrast, the function of a preliminary injunction is to maintain the status quo until the case is disposed of on the merits. (*Bismarck Hotel Co. v. Sutherland* (1980), 92 Ill. App. 3d 167, 175.) An evidentiary hearing on an application for a preliminary injunction is normally required where a verified answer has been filed denying material allegations in the complaint. (*Centennial Laundry Co. v. West Side Organization* (1966), 34 Ill. 2d 257, 215 N.E.2d 443.) Oral argument is not considered proper evidence for issuance of a preliminary injunction. *Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 409.

From the foregoing, it is clear that the classification of the February 15 order as a temporary restraining order or a preliminary injunction will be determinative of the type of hearing required for issuance of the order. We find the order entered below to be a temporary restraining order issued to maintain the status quo pending a full hearing on a preliminary injunction. As such, plaintiff had only to make a sum-

mary showing that a TRO was necessary to prevent immediate and irreparable harm. We also find the verified allegations in plaintiff's complaint adequate in this respect.

The city relies primarily on *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65—B* (1976), 63 Ill. 2d 514, 349 N.E.2d 36, to support its contention that the order entered below is a preliminary injunction and not a temporary restraining order. The city maintains that *Kable* has eliminated any distinction between a temporary restraining order issued with notice and a preliminary injunction. A careful examination of the facts in *Kable* leads us to believe the city's reliance is misplaced.

In *Kable*, both parties appeared in court and, after a lengthy discussion in chambers, the court entered an order that was entitled "Court Order for Temporary Restraining Order." The order provided that it was to "remain in full force and effect pending further order of this court." Three months later, the plaintiff sought to have the defendants held in contempt for an alleged violation of the TRO. The defendants moved to dismiss the contempt citation on the grounds that the violations occurred more than 10 days after entry of the court order and, consequently, the restraining order expired under the express terms of section 3—1 of the Injunction Act which limited the duration of TROs to a maximum of 10 days. .

The supreme court rejected this argument noting that the 10-day limit was only mentioned in reference to TROs issued without notice and held that where such an order is granted with notice the 10-day limit did not apply. In so doing, the court construed sections 3 and 3—1 of the Injunction Act, dealing with TROs and preliminary injunctions, and found that under the circumstances the order entered below was functionally equivalent to a preliminary injunction. The court stated:

> "It is apparent from a consideration of these two sections that a temporary restraining order issued with notice is, in its practical results, no different than a preliminary injunction issued with notice. *** Accordingly, we hold that a temporary restraining order issued with notice and a preliminary injunction issued with notice, *neither of limited duration*, are the same type of relief, and whether referred to under either term require a showing of the likelihood of ultimate success on the merits of the case. The order provided it would 'remain in full force and effect pending further order of this court,' and defendants cannot ignore what was clearly stated." (Emphasis added.) 63 Ill. 2d 514, 524.·

■ Clearly, *Kable* requires that a temporary restraining order be issued with notice and that the order be of unlimited duration if such an order is to be considered equivalent to a preliminary injunction. A

temporary restraining order issued under these circumstances has the same effect as a preliminary injunction; through the coercive force of the injunctive remedy the status quo is maintained until the case is decided on the merits. Once the functional equivalence to a preliminary injunction is demonstrated, the party against whom such an order is entered must be given a fair opportunity to oppose the application and to show, if he can, why an injunction should not issue. *Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 409.

In *Lawter International, Inc. v. Carroll* (1982), 107 Ill. App. 3d 938, 438 N.E.2d 590, the court relied upon the twin requirements of notice and unlimited duration in rejecting an argument similar to the one raised here by the city. As in the present case, the defendant in *Lawter* argued that a temporary restraining order issued with notice was equivalent to a preliminary injunction and where the pleadings raise questions of fact an evidentiary hearing must be held. The court rejected the defendants' characterization of the order as a preliminary injunction since the order contained a provision for a subsequent hearing on a preliminary injunction three days later. The court noted that although the order stated it "shall remain in full force and effect pending further orders," the net effect of the language was not to make the order of unlimited duration as the defendants contended but rather the order was issued to maintain the status quo until the hearing on a preliminary injunction could be completed. 107 Ill. App. 3d 938, 941.

■ Similarly, in the case at bar, we must look to the underlying reality to determine whether the order entered below is equivalent to a preliminary injunction. Here, the order states that it is to remain in effect "until further order of this court" and also provides by agreement of the parties that no preliminary injunction hearing would be scheduled "until and unless requested of the court by either party." Clearly, the order entered will be of indefinite duration only if the city chooses to make it so by declining to request a preliminary injunction hearing as the city has done up until now. It is also clear that this order was intended to maintain the status quo until such time as either party cared to pursue a full hearing on a preliminary injunction. On these facts, we cannot say that the order entered below was functionally equivalent to a preliminary injunction. Accordingly, we find the order entered by the trial court to be a temporary restraining order requiring only a summary showing that the order is necessary to prevent immediate and irreparable harm.

■ The grant or denial of a temporary restraining order is a matter within the sound discretion of the trial court and its determination will not be upset on review absent an abuse of that discretion. (See *Advertising Checking Bureau, Inc. v. Canal-Randolph Associates*

(1981), 101 Ill. App. 3d 140, 427 N.E.2d 1039.) The numerous allegations in plaintiff's verified complaint are sufficient to show irreparable harm to plaintiff absent the issuance of a temporary restraining order. This harm consisted mainly of the following factors: (1) the loss of revenues for gas service provided to consumers that refuse to pay their bills and the consequent impairment of plaintiff's financial condition; (2) the prosecutions and penalties that plaintiff would be subject to if it refused to comply with the ordinance; (3) the interference with plaintiff's obligations under the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 1 *et seq.*); and (4) the bringing of a multiplicity of lawsuits against all customers that refuse to pay their gas bill being an inadequate remedy at law. Finally, plaintiff alleged that General Order 172 of the Illinois Commerce Commission comprehensively regulates winter gas termination and reconnection in such a manner as to adequately protect the public. We find these sworn allegations sufficient to warrant the issuance of a temporary restraining order to maintain the status quo until such time as there can be a full hearing on the issuance of a preliminary injunction. Accordingly, we find no abuse of discretion by the trial court in granting the temporary restraining order.

Finally, the briefs of both the city and Peoples Gas raise several constitutional issues which may be properly raised in a trial on the merits but which are not appropriate in the present interlocutory appeal. (*Regional Transportational Authority v. Burlington Northern, Inc.* (1981), 100 Ill. App. 3d 779, 426 N.E.2d 1143; *Toushin v. City of Chicago* (1974), 23 Ill. App. 3d 797, 320 N.E.2d 202.) We therefore expressly refrain from resolving the ultimate substantive issues raised by the parties which were not finally decided by the trial court. Our review of the proceedings below is limited to whether the trial court acted within the bounds of its broad discretionary power to grant temporary restraining orders and, here, we have found no abuse of discretion.

The issuance of the temporary restraining order is therefore affirmed and the case is remanded for either a hearing on a preliminary injunction or a trial on the merits.

Affirmed and remanded.

McGLOON and CAMPBELL, JJ., concur.