DIAMOND SAVINGS & LOAN COMPANY, Plaintiff-Appellee, v. ROYAL GLEN CONDOMINIUM ASSOCIATION, Defendant-Appellant.

Second District   No. 2—88—0028

Opinion filed April 14, 1988.

Kathleen Ross, of Rose & Ross, Ltd., of Rolling Meadows, for appellant.

Douglas Drenk, David Drenk, and Barbara L. Young, all of Drenk & Drenk, Ltd., of Wheaton, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Royal Glen Condominium Association (Royal Glen), appeals from the entry of a temporary restraining order by the circuit court of Du Page County which requires it to place rents received from a certain condominium in escrow. Royal Glen contends that the trial court abused its discretion in granting Diamond Savings & Loan Company's (Diamond's) request for a temporary restraining order because Diamond's petition did not adequately allege the requirements for injunctive relief. We reverse.

Maynard Welch, who is not a party to this appeal, was the owner of a condominium unit commonly known as 1183 Royal Glen Drive No. 302 in Glen Ellyn, Illinois. On June 24, 1987, a forcible entry and detainer order was entered in favor of Royal Glen because of overdue assessment payments on the unit, pursuant to section 9.2 of the Condominium Property Act (Ill. Rev. Stat. 1985, ch. 30, par. 309.2). On September 1, 1987, Royal Glen began renting the condominium.

Plaintiff's counsel sent a letter to Royal Glen's tenant on October 13, 1987, advising her that all rents due under her lease should be forwarded to Diamond because of Diamond's mortgage with Welch. Royal Glen then advised Diamond that Royal Glen was in possession of the unit under a court order and asked Diamond's counsel to refrain from contacting Royal Glen's tenant. Diamond's counsel refused and informed Royal Glen that it would be named in a foreclosure action against the property.

On November 5, 1987, Diamond filed a foreclosure action against the property in the circuit court of Du Page County, naming Maynard Welch, Royal Glen, and La Salle National Bank as defendants. Diamond filed a verified emergency petition for a temporary restraining order on December 10, 1987. Royal Glen's counsel received telephonic notice at 5:25 p.m. on December 9 and did not appear the next morning. The court entered the petition, but continued it to December 16.

The defendant filed a response to the petition, and the court heard arguments on Diamond's request. The plaintiff argued that it had a protectable right in an assignment of rents, and it wanted the money held in escrow until the court determined who was entitled to the rents. The court granted Diamond's request for injunctive relief and ordered the defendant to place all rent payments in escrow until otherwise ordered by the court. The court found that Diamond had a protectable right in future rent payments and would suffer the irreparable injury of losing the ability to collect such payments if a temporary restraining order was not entered. The court set a new hearing date for January 4, 1988, but did not specify the nature of the hearing. The defendant's counsel did not appear on January 4, and the court entered an order continuing the injunctive relief. Defendant filed a timely notice of interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)) on January 11, 1988, appealing the trial court's December 16 order.

Our first task is to determine whether the December 16 order entered by the trial court was a temporary restraining order or a preliminary injunction. The plaintiff claims that the order is the functional equivalent of a preliminary injunction because the January 4, 1988, order continued the temporary restraining order for an unlimited duration. As the Illinois Supreme Court has stated:

> "In far too many cases the distinction between a temporary restraining order, a preliminary injunction, and a permanent injunction becomes blurred during the proceedings." (*Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 385.)

The original pleading in this case was a verified emergency petition requesting a temporary restraining order. The order entered on December 16 stated that it was a temporary restraining order. Finally, the January 4 order stated that it was continuing the temporary restraining order. Royal Glen's notice of appeal indicates that it is not appealing the January 4 extension, but only the original December 16 order. Because the appeal of the December 16 order was timely, we will only consider the proceedings up to and including December 16 in determining the nature of the order.

■ Section 11—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 11—101) sets out the process for obtaining a temporary restraining order. If a temporary restraining order is granted without notice to the adverse party, it expires after 10 days and may be extended for an additional 10 days for good cause. (Ill. Rev. Stat. 1985, ch. 110, par. 11—101.) If a temporary restraining order is granted after notice has been given to the adverse party, there is no

time limit on the order. *Kable Printing Co. v. Mount Morris Book-binders Union Local 65-B* (1976), 63 Ill. 2d 514, 521.

In *Peoples Gas Light & Coke Co. v. City of Chicago* (1983), 117 Ill. App. 3d 353, the appellate court was faced with a dilemma similar to the present case. The plaintiff filed a verified complaint to prevent the City of Chicago from implementing a city ordinance. (*Peoples Gas Light & Coke Co.*, 117 Ill. App. 3d at 354.) The trial court granted the request for injunctive relief and ordered that it remain in effect until either party requested a preliminary injunction hearing. (*Peoples Gas Light & Coke Co.*, 117 Ill. App. 3d at 355.) The appellate court found that this temporary restraining order was not the equivalent of a preliminary injunction because it would only be effective until one of the parties requested a hearing on a preliminary injunction, and the order was clearly designed to preserve the status quo pending a hearing on a preliminary injunction. *Peoples Gas Light & Coke Co.*, 117 Ill. App. 3d at 357.

The order in the present case specifically states that it is a temporary restraining order. In addition, it sets out a date for a second hearing less than three weeks after its entry. However, the trial court's statement at the hearing indicates that it intended this order to remain in force pending further orders. After examining the entire record in this case, we conclude that the trial court intended the December 16 order to be a temporary restraining order which would remain in effect until a hearing on January 4. While it is true that the January 4 order extended the temporary restraining order indefinitely, Royal Glen is appealing the grant of the order, not its extension. Therefore, we will treat the December 16 injunction as a temporary restraining order.

A temporary restraining order is an emergency remedy which should be issued in exceptional circumstances. (*Abdulhafedh v. Secretary of State* (1987), 161 Ill. App. 3d 413, 417.) The purpose of a temporary restraining order is to preserve the status quo pending a hearing on a preliminary injunction. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 541.) The grant of a temporary restraining order is within the trial court's discretion and will not be disturbed absent an abuse of that discretion. *Peoples Gas Light & Coke Co.*, 117 Ill. App. 3d at 357.

Royal Glen contends that none of the requirements for issuing a temporary restraining order were met in this case; therefore, the relief was improperly granted. We agree. Temporary restraining orders may be entered upon a summary showing that the order is necessary to prevent immediate and irreparable harm. (*Peoples Gas Light*

& *Coke Co.*, 117 Ill. App. 3d at 355-56; *Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 408.) In addition, the court must find that there is no adequate remedy at law which would deprive the equity court of jurisdiction. See *Bojangles, Inc. v. City of Elmhurst* (1976), 39 Ill. App. 3d 19.

An irreparable injury is one which "cannot be adequately compensated therefor in damages or *** cannot be measured by any certain pecuniary standard." (*Cross Wood Products, Inc. v. Suter* (1981), 97 Ill. App. 3d 282, 286.) It has also been defined as a kind of injury which should not be submitted to or inflicted. (*Cross Wood Products, Inc.*, 97 Ill. App. 3d at 286.) Diamond's emergency petition set out eight different ways in which it would be irreparably harmed if injunctive relief were not granted. However, these statements are nothing more than bald assertions which do not even rise to the minimal level necessary for granting a temporary restraining order. As Royal Glen correctly points out, two of Diamond's allegations indicate that the potential damages in this case are incalculable, when in reality the amount in question at the time the petition was filed was $450. Further, Diamond also alleged that there would be a loss of confidence by its depositors if this injunction were not granted, but again failed to make even the slightest showing in support of this conclusion. Therefore, we find that Diamond did not adequately show that it would suffer irreparable harm if injunctive relief were not granted.

■ We also note that Diamond did not demonstrate that a remedy at law would be inadequate. A remedy at law is considered adequate if it is "concise, complete, and [would] provide the same practical and efficient resolution as the equitable remedy would provide." (*Board of Managers of Village Square I Condominium Association v. Amalgamated Trust & Savings Bank* (1986), 144 Ill. App. 3d 522, 529.) Assuming, without deciding, that Diamond is entitled to the rents for the period prior to a judicial sale, its remedy at law would be a suit to recover damages in the amount of $450 for every month it did not receive payments to which it was entitled. Not only is this a concise and complete remedy, it is the proper one for this case. The equitable remedy in this case did not preserve the status quo, but changed it drastically by preventing Royal Glen from using monies it was entitled to receive by court order. Our conclusion is that the grant of injunctive relief in this case was an abuse of discretion and must be reversed.

We would be remiss if we did not comment in some manner on the briefs presented to this court and the arguments in those briefs. First we note plaintiff's flippant request that this court, on its own

motion, should sanction defendant for statements made in its brief. This request was made without citation of authority and without a proper motion being filed before this court; therefore, we will not consider the request. The same analysis applies to plaintiff's equally flippant request that Royal Glen's brief be stricken. Finally, we admonish counsel that zealous advocacy does not include characterizing opposing parties' arguments as "ludicrous" or "silly" and, more importantly, does not include misstatements of facts. We trust that future briefs filed in this court will not be in this vein.

For the above reasons, the judgment of the circuit court of Du Page County is reversed.

Reversed.

INGLIS and DUNN, JJ., concur.