HAROLD STANTON, Plaintiff-Appellee, v. THE CITY OF CHICAGO, Defendant-Appellant.

First District (1st Division)   No. 88—1161

Opinion filed December 19, 1988.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Michael K. Fridkin, Assistant Corporation Counsel, of counsel), for appellant.

Martin J. Healy, Jr. & Associates, of Chicago (Martin J. Healy, Jr., and Clare M. Devereux, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

This is an interlocutory appeal filed by defendant, the City of Chicago (the City), appealing the temporary restraining order entered by the circuit court on March 24, 1988, which enjoined the City from mandatorily retiring plaintiff, Harold Stanton, a Chicago police captain, from the police department (the Department) and from removing plaintiff from "injured on duty" status. On appeal, the City contends that: (1) the circuit court abused its discretion in enjoining the City; and (2) the temporary restraining order must be vacated on the grounds that it enjoined the City indefinitely without giving the City the opportunity to demonstrate the legal sufficiency of plaintiff's complaint for two months. For the following reasons, the order of the circuit court is affirmed.

The underlying facts are undisputed. On January 13, 1988, the Chicago city council passed an amendment to section 25—37 of the Municipal Code of Chicago (Chicago Municipal Code §25—37 (1988)) which reduced the mandatory retirement age for all sworn police officers above the rank of sergeant from 70 years old to 63 years old (the amended retirement ordinance). Accordingly, on February 1, 1988, a memorandum was sent to all Chicago police districts advising the unit commander that all sworn police officers above the rank of sergeant who attained the age of 63 on or before March 27, 1988, would be retired on that date. Of further relevance to this appeal, section 11—45 of the Municipal Code of Chicago (Chicago Municipal Code §11—45 (1982)) provides that any member of the Department who is injured while performing his police duties to the extent that he is disabled and cannot perform his regular duties will receive his regular salary

for a maximum of one year, provided that he remains disabled for that period.

On February 15, 1988, plaintiff, a Chicago police captain, was injured while performing his police duties and placed on "injured on duty" status. On February 25, 1988, plaintiff reached the age of 63. Thus, pursuant to the amended retirement ordinance, he was to be mandatorily retired on March 27, 1988. In an effort to avoid mandatory retirement, plaintiff filed a verified complaint against the City on March 22, 1988, seeking to enjoin the City from enforcing the amended retirement ordinance.

Count I of the complaint set forth plaintiff's employment history with the Department, alleging, *inter alia*, that he had retired from the Department in 1979 to accept an appointment as director of investigations with the office of the corporation counsel for the City of Chicago. In reliance upon the Department's mandatory retirement age of 70, plaintiff returned to the Department rather than accept private employment upon termination of his appointment. Plaintiff further alleged that unless the City was enjoined from enforcing the amended retirement ordinance, he would suffer irreparable injury for which he had no adequate remedy at law.

Count II of the complaint alleges that the amended retirement ordinance denies plaintiff equal protection of the laws because it discriminates against him and other members of the Department who are employed above the rank of sergeant. Count III requests that the City be enjoined from enforcing the amended mandatory retirement ordinance as long as plaintiff remains on "injured on duty" status. Count IV alleges that the amended retirement ordinance is void on the grounds that it is inconsistent with and directly contravenes section 2—104(7) of the Illinois Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 2—104(7)).

Thereafter, on March 24, 1988, plaintiff filed a "Motion for Temporary Restraining Order," requesting the court to temporarily restrain the City from enforcing the amended retirement ordinance and from mandatorily retiring plaintiff on March 27, 1988. In his motion, plaintiff alleged, *inter alia*:

"Plaintiff has a meritorious cause of action and there is a likelihood of success on the merits. The *status quo* of Plaintiff's employment should be maintained until adjudication of the case on its merits because his termination will cause him irreparable harm and his continued employment on disability leave will cause no harm to the City of Chicago."

Later that day, a hearing was held on plaintiff's motion. Both

sides were represented by counsel. Following arguments, the trial court granted plaintiff's motion and entered the following order:

"On motion of plaintiff for a Temporary Restraining Order, ***, it is hereby ordered:

1. The City of Chicago is enjoined from manditorily [sic] retiring plaintiff until further order of court.

2. Plaintiff shall remain on 'injured on duty' status until further order of court.

3. Defendant's requests for bond and stay pending appeal are denied.

4. This is set for hearing on May 23, 1988 in Rm. 2408 at 10:00 a.m."

On April 13, 1988, the City filed its notice of interlocutory appeal. Thereafter, on May 6, 1988, the City filed a motion to dismiss plaintiff's complaint with the trial court. One week later, in recognition of the fact that the trial court lacked jurisdiction to alter the temporary restraining order pending appeal, the City filed a motion to stay its motion to dismiss until the interlocutory appeal was resolved.

On appeal, the City first contends that the trial court abused its discretion in enjoining the City from mandatorily retiring plaintiff pursuant to the amended retirement ordinance and from removing him from "injured on duty" status. The City predicates this contention on the premise that, although the court's order purported to grant a temporary restraining order, it actually granted a preliminary injunction, which relief requires that plaintiff establish: (1) a clear, ascertainable, protectable right; (2) irreparable injury; (3) an inadequate remedy at law; and (4) likelihood of success on the merits. (*Board of Education v. Eckmann* (1982), 103 Ill. App. 3d 1127, 432 N.E.2d 298.) The City claims that plaintiff failed to satisfy these requirements.

This court addressed the distinctions between a preliminary injunction and a temporary restraining order in *Peoples Gas Light & Coke Co. v. City of Chicago* (1983), 117 Ill. App. 3d 353, 453 N.E.2d 740. In *Peoples Gas*, plaintiff gas company filed a verified complaint for declaratory and injunctive relief, alleging that the City's "Winter Gas Termination and Reconnection" ordinance was unconstitutional. Following the hearing, the court entered the following order:

"IT IS HEREBY ORDERED THAT, for the reasons stated in open court and for the reasons that all requirements for entry of a temporary restraining order with notice having been satisfied, the motion of plaintiff The Peoples Gas Light and Coke Company for entry of a temporary restraining order is granted and defendant the City of Chicago and its agents be and they

hereby are restrained and enjoined until further order of Court from application and enforcement of the Winter Gas Termination and Reconnection Ordinance, Chapter 187.1 of the Municipal Code of the City of Chicago;

IT IS FURTHER ORDERED, pursuant to the agreement of the parties that the duration of the temporary restraining order shall continue beyond 10 days until further order of the Court and that no preliminary injunction hearing shall be scheduled until and unless requested of the Court by either party." 117 Ill. App. 3d at 354-55.

■ On interlocutory appeal in *Peoples Gas*, the City argued that the temporary restraining order entered was, in reality, a preliminary injunction, which requires an evidentiary hearing to determine whether the standards for granting a preliminary injunction have been met. In reaching its decision that the order was a temporary restraining order, the *Peoples Gas* court noted that pursuant to statute, Illinois has a three-tier system of injunctive relief: temporary restraining order, preliminary injunction and permanent injunction. A temporary restraining order is "an emergency remedy *** issued upon a *summary* showing of the necessity of the order to prevent immediate and irreparable harm." (Emphasis in original.) (117 Ill. App. 3d at 355.) Relying on *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B* (1976), 63 Ill. 2d 514, 349 N.E.2d 36, the court stated that a temporary restraining order is equivalent to a preliminary injunction only when it is issued with notice and is of unlimited duration. (117 Ill. App. 3d at 356.) Applying these principles to the trial court's order, the *Peoples Gas* court held that the language in the order stating that the injunction was to remain in effect "until further order of the court" and that no preliminary injunction hearing would be held "until and unless requested of the court by either party" did not impose an unlimited duration on the injunction because the City could request a preliminary injunction hearing at any time. Thus, the *Peoples Gas* court held that the order was a temporary restraining order, intended to maintain the status quo until either party chose to request a hearing. (*Peoples Gas*, 117 Ill. App. 3d at 357.) The court further found that plaintiff's verified complaint was sufficient to make a summary showing that a temporary restraining order was necessary to prevent immediate and irreparable harm. 117 Ill. App. 3d at 358.

■ In the present case, the City argues that *Peoples Gas* actually supports its position that the trial court's order imposed a preliminary injunction rather than a temporary restraining order. First, the City

claims that *Peoples Gas* maintains that the "adverse party must be given a prompt hearing." However, contrary to the City's contention, *Peoples Gas* makes no reference to promptness of the hearing. In fact, in *Peoples Gas*, there was no date set at all for the hearing. The mere statement that a hearing would be scheduled at the request of either party was sufficient for this court to find that the injunctive relief was not of unlimited duration.

Second, the City claims that, unlike *Peoples Gas*, the parties in this case did not agree as to the preliminary hearing date. The transcript of proceedings does not support this claim. When the court suggested a May date, the City replied, "We can certainly agree with Mr. Healy on a May date." In our view, this statement indicates that the May date was agreed upon by the parties.

Contrary to the City's position, we find *Peoples Gas* dispositive of the issue as to which type of injunctive relief was awarded by the trial court. Similar to the order in *Peoples Gas*, the order in the present case uses the language "until further order of the court." Further, as explicit indication that the order is not of unlimited duration, the court set a specific date for the preliminary injunction hearing. In addition, the following statement by the trial court indicates that the order was intended to be a temporary restraining order, not a preliminary injunction:

> "My order will be that [plaintiff] remains on that status [of disability] pending further order of this Court and that this matter be set down for a hearing on a preliminary injunction."

Accordingly, we find that the order entered in the case at bar is a temporary restraining order, not a preliminary injunction, and required only a summary showing by plaintiff that the order was necessary to prevent immediate and irreparable harm and that there was no adequate remedy at law.

▪ With respect to whether the trial court abused its discretion in granting plaintiff's motion for a temporary restraining order, it is well established that a party seeking a temporary restraining order is not required to make out a case which would entitle him to relief on the merits. He need only show that he raises a "fair question" regarding the existence of his right and that the court should preserve the status quo until the case can be decided on the merits. (*Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 483 N.E.2d 1271.) Further, in a case such as the one at bar, where no answer has been filed, the motion for a temporary restraining order is properly granted on the uncontroverted facts of the verified complaint. *H.K.H. Development Corp. v. Metropolitan Sanitary District of Greater Chi-*

*cago* (1964), 47 Ill. App. 2d 46, 196 N.E.2d 494.

In the present case, the City argues the substantive merits of plaintiff's allegations in great depth. However, as stated, the merits of the allegations are not at issue before this court. In requesting a temporary restraining order, plaintiff need only raise a "fair question." Without having filed any responsive pleadings to plaintiff's complaint, the City requests that this court rule as a matter of law that plaintiff did not raise a fair question in its complaint. However, it is fundamental that a court of review cannot review what has not been raised below. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872.) In light of the City's failure to file any responsive pleadings to plaintiff's complaint, we find that plaintiff has made a sufficient summary showing of irreparable harm and inadequate remedy at law to warrant imposition of a temporary restraining order. Accordingly, we conclude that the trial court did not abuse its discretion in granting plaintiff's motion.

■ The City next contends that the court's order must be vacated because it enjoined the City indefinitely and did not afford the City an opportunity to demonstrate the legal sufficiency of plaintiff's complaint for two months. Preliminarily, we note that the City's issue statement is inherently contradictory. The fact that the order set a specific date for the preliminary injunction hearing precludes any claim that the injunction entered was for an indefinite period.

In reliance upon *Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 422 N.E.2d 633, the City argues that a court may not enter an injunctive order of unlimited duration against a defendant who has not answered the complaint without scheduling a hearing immediately after the statutory 10-day period to test the legal sufficiency of the complaint. We find *Jurco* to be distinguishable from the present case and unpersuasive. In *Jurco*, the trial court issued a temporary restraining order with notice, but failed to set a hearing date for the preliminary injunction. On appeal, the reviewing court held that: "A hearing on a preliminary injunction that is delayed for more than a short period of time, or as in this case, a hearing at an unspecified date in the not immediately foreseeable future, does not comport with the statutory scheme." (110 Ill. App. 3d at 409-10.) As previously stated, in the present case, an agreed date for the preliminary injunction hearing was set forth in the temporary restraining order.

■ Finally, the City attempts to characterize the hearing on the motion for a temporary restraining order as the evidentiary hearing for the preliminary injunction. There are no facts to support this claim. In fact, the court stated at the hearing, that it was not going

"to address the substantive issues that are involved." Instead, it was only going to look at the "possibility" of success and whether irreparable harm would result. Thus, the court treated the proceeding as one seeking a temporary restraining order, which requires only a summary showing of irreparable harm and an inadequate remedy at law. See *Peoples Gas Light & Coke Co. v. City of Chicago* (1983), 117 Ill. App. 3d 353, 453 N.E.2d 740.

For the aforementioned reasons, the temporary restraining order entered by the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and MANNING, JJ., concur.