LEO STOLLER, Plaintiff-Appellant, v. RUSSELL STOLLER *et al.*, Defendants-Appellees.

First District (6th Division) No. 1—90—3146

Opinion filed November 15, 1991.

Edward L.S. Arkema and Ralph A. Anderskow, both of Chicago, for appellant.

William J. Harte, Ltd., of Chicago (William J. Harte, Stephen L. Garcia, and Courtney N. Nottage, of counsel), for appellees.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff, Leo Stoller, appeals an interlocutory order of the circuit court of Cook County which denied his request for vacatur and a stay of a previously entered arbitration award. Plaintiff initiated this action in chancery to challenge the award made by the arbitrators who had been appointed to adjudicate an intrafamily dispute over the ownership of Stealth Industries, Inc., a corporation in which the plaintiff and the individual defendants, Russell and Christopher Stoller, claimed an interest.

In his complaint, plaintiff asserted that the arbitrators who had been appointed and had decided the dispute between the parties should have been disqualified based upon conflicts of interest which arose as a result of their legal representation of the plaintiff and defendants. The trial court issued an interlocutory order which held that the conduct of the arbitrators did not, as a matter of law, constitute a conflict of interest. The court's order denied the relief requested by plaintiff and continued the matter for an evidentiary hearing on the factual allegations raised in plaintiff's complaint. Pursuant to Supreme Court Rule 307 (134 Ill. 2d R. 307), plaintiff filed a notice of appeal of the interlocutory order refusing his request for vacatur and for a stay of the arbitrators' award.

On appeal, plaintiff contends that (1) the trial court improperly narrowed the scope of its inquiry to a question of law; (2) the precedent relied upon by the trial court in entering its interlocutory order

applies exclusively to umpires and not to arbitrators; (3) the precedent relied upon by the trial court does not apply to the instant case; (4) plaintiff was entitled to a stay of the arbitration award; (5) the trial court erred in finding that the appointed arbitrators need not have been disqualified, as a matter of law, based upon conflicts of interest as a result of their legal representation of the parties; and (6) the award entered by the arbitrators should be set aside.

The record indicates that on November 6, 1989, plaintiff and the individual defendants entered into a written agreement under which the parties submitted their disputes as to the ownership and operation of Stealth Industries, Inc., to binding arbitration before George N. Leighton, George Feiwell, and Ronald H. Balson as arbitrators. The agreement provided, in relevant part, as follows:

"Each of LEO, RUSSELL and CHRISTOPHER hereby acknowledge that GEORGE N. LEIGHTON, GEORGE FEIWELL and RONALD H. BALSON have each rendered legal services to them, or on their behalf. Each of LEO, RUSSELL, and CHRISTOPHER hereby waive any and all claims of privilege or of conflict of interest and specifically request that these arbitrators accept said appointment and assist in their dispute resolution."

The agreement stated further:

"It is the intent of the parties to resolve pending legal matters. They shall enlist the assistance of Messrs. LEIGHTON, FEIWELL and BALSON to assist them. The parties shall cause STEALTH to promptly and timely pay all statements rendered from Messrs. LEIGHTON, FEIWELL and BALSON."

On December 18, 1989, the arbitration convened pursuant to the terms of the agreement. The parties were present along with Leighton and Balson, but Feiwell did not appear. The parties agreed on the record to proceed with the arbitration and to have their dispute resolved by only two arbitrators, Leighton and Balson. At the commencement of the arbitration, each of the parties specifically stated that he had waived any right to assert privilege or a conflict of interest which might have existed as a result of the legal representation of any or all of the parties by Leighton and Balson. All of the parties stated that they voluntarily chose to proceed with the arbitration without any objection. The parties also stated that they understood that they had the right to have an attorney present to represent their individual interests during the arbitration but chose to proceed without counsel.

After considering the proofs and testimony submitted by the parties, the arbitrators issued their award of arbitration dated January 31, 1990. The award of arbitration reflected that the arbitrators found that Russell Stoller was the sole shareholder of Stealth Industries, Inc., with the sole right and authority to operate the corporation and that neither Leo Stoller nor Christopher Stoller had an ownership interest in the corporation.

Plaintiff, Leo Stoller, subsequently requested that the arbitrators' award be modified and clarified. On March 14, 1990, the arbitrators denied plaintiff's request for modification and clarification of the award.

On May 30, 1990, plaintiff filed in the circuit court a motion for a stay *pendente lite* of the private arbitrators' award dated January 31, 1990. This motion was stricken by the trial court, but plaintiff was granted leave to file an amended motion. On July 9, 1990, Leo filed his brief in support of his motion for a stay *pendente lite* of the arbitrators' award and for restraining and removal orders against defendants Russell Stoller and Christopher Stoller. The trial court allowed plaintiff's brief to stand as his motion.

On August 6, 1990, the individual defendants filed their response to the plaintiff's motion for a stay *pendente lite* of the arbitrators' award. On August 8, 1990, plaintiff filed his verified first amended complaint to stay and vacate the arbitrators' award and for declaratory judgment and for other relief. On August 13, 1990, plaintiff filed his reply to the defendants' response to plaintiff's motion for stay *pendente lite* of the arbitrators' award and for restraining and removal orders against Russell and Christopher Stoller.

At the hearing on plaintiff's motion for a stay of the arbitrators' award, plaintiff asserted that the arbitrators had acted under a conflict of interest and that, as a matter of law, they could not represent him and also act as neutral arbitrators. The trial court indicated that the record was insufficient to support the issuance of a stay on grounds other than the assertion of a conflict of interest as a matter of law. The court continued the matter for further briefing and argument on this issue and scheduled a hearing for October 12, 1990, to determine whether this issue was determinative of the plaintiff's motion for a stay.

Russell and Christopher filed a memorandum of law addressing this issue, and plaintiff filed a supplemental brief in support of his motion. Upon consideration of the briefs and arguments of the parties, the trial court concluded that the arbitrators in the instant case did not, as a matter of law, act under a conflict of interest merely be-

cause they had previously represented the parties involved in the dispute. The court based its decision upon the reasoning employed in *Strong v. International Building Loan & Investment Union* (1899), 183 Ill. 97, 55 N.E. 675, which held that the law recognizes an exception to the conflict of interest rule where an attorney acts as an umpire. On this basis, the trial court denied plaintiff's request for an immediate stay of the arbitrators' award. The trial court went on to indicate that there may be further questions of fact to be decided before a final determination of the conflict of interest issue can be made.

At a subsequent hearing, the trial judge stated that all he had decided earlier was that the dual status of attorney and arbitrator did not, as a matter of law, create a conflict and that plaintiff had not shown that he was entitled to a stay as a matter of law. The judge specifically indicated that he did not decide whether the conduct of the arbitrators in the instant case raised a conflict of interest because that required a determination of a question of fact. The court advised the plaintiff that at the next hearing, plaintiff would be required to present evidence of a conflict of interest which consisted of something more than the mere dual status of attorney and arbitrator.

Pursuant to Supreme Court Rule 307 (134 Ill. 2d R. 307), plaintiff has appealed the order of the trial court.

Initially, we note that the only order appealed from is the trial court's order of October 15, 1990, which held that plaintiff was not entitled to a stay as a matter of law. Thus, our review of this matter is limited to the propriety of that order, and we are permitted to determine only the narrow issue of whether, as a matter of law, a *per se* disqualification arose which precluded these attorneys from acting as arbitrators in this matter. In making this determination, we must examine the propriety of the trial court's action at the time the cause was brought before the court.

Plaintiff initially filed a petition to vacate the arbitrators' award and a motion for a stay *pendente lite* and for restraining and removal orders against defendants Russell Stoller and Christopher Stoller.

▉ A motion for a stay *pendente lite* is analogous to a request for a preliminary injunction. The function of a preliminary injunction is to maintain the status quo until the case is disposed of on the merits, and a motion seeking such relief is not normally granted in the absence of an evidentiary hearing at which the movant has established entitlement to the relief requested. *Peoples Gas Light & Coke Co. v. City of Chicago* (1983), 117 Ill. App. 3d 353, 355, 453 N.E.2d 740, 742.

In the instant case, the trial court first addressed the contentions of the parties when it considered plaintiff's motion for a stay. Thus, the posture of the case was such that defendant Russell had control of Stealth, and plaintiff had been removed from any position of power or control in the corporation. A request for maintenance of the status quo required, therefore, that these relationships be left intact until an evidentiary hearing was held and the matter was disposed of on the merits. *Peoples Gas Light & Coke Co.*, 117 Ill. App. 3d at 355, 453 N.E.2d at 742.

Plaintiff initially contends that the trial court improperly narrowed the scope of its inquiry to a question of law. We observe that the trial court's order of October 15, 1990, reflects that pursuant to the agreement of the parties, the trial court first addressed this issue of law.

Plaintiff argues, without citation to appropriate authority, that the trial judge acted improperly by first addressing the claim that plaintiff was entitled to a stay of the arbitrators' award as a matter of law. Yet, the trial judge fully recognized and stated for the record that he had not, indeed could not on the record then before him, decide that plaintiff was not entitled to a stay based upon the conduct of the arbitrators in the instant case. Rather, the court made an initial determination that plaintiff had not established, as a matter of law, that the arbitrators acted under a conflict of interest merely by virtue of their dual status as attorney and arbitrator. The court's decision to proceed first on the question of law was prompted by plaintiff's argument at the September 14, 1990, hearing that he was entitled to a stay as a matter of law.

■ It has long been recognized that a court should first decide questions of law that may be dispositive of the issues before the court. This procedure is intended to expedite trials and to narrow or simplify the issues to be tried. (88 C.J.S. *Trial* §17(2) (1955).) This philosophy is acknowledged in the sections of the Illinois Code of Civil Procedure which provide for disposition of cases by motions to dismiss where no factual questions are at issue and by summary judgment. Ill. Rev. Stat. 1989, ch. 110, pars. 2—615, 2—1005.

As the trial judge in the case at bar recognized, logic and efficiency dictated that he decide potentially determinative issues of law before considering factual questions raised by the parties. The course followed by the trial court in the instant case was both appropriate and the recommended method for proceeding in a case which raises both legal and factual issues. Consequently, the trial court's order will not be reversed or set aside on this basis.

Plaintiff asserts in his brief that the trial court erred in failing to hold an evidentiary hearing on his motion for a stay. This argument is clearly without merit. Rather than failing to hold an evidentiary hearing, the trial court specifically indicated that an evidentiary hearing was required before it could be determined whether plaintiff was entitled to a stay of the arbitrators' award. The court stated on the record that an evidentiary hearing was necessary and was to be scheduled and that plaintiff would then be able to present his evidence in favor of his factual allegations that the arbitrators acted under a conflict of interest.

■ As recognized by the plaintiff in his brief, all the court had before it on October 15, 1990, was the plaintiff's verified complaint with attached exhibits, the defendants' verified answer, and the briefs submitted by the parties. The court acknowledged that because the verified answer of the defendants denied or controverted many of the factual allegations contained in the complaint, the pleadings presented genuine issues of material fact which could not be resolved without an evidentiary hearing.

Thus, contrary to the plaintiff's argument, the trial judge did not fail to hold an evidentiary hearing, but merely postponed the evidentiary hearing until he had considered and decided the potentially dispositive legal question raised by the plaintiff. We hold that this procedure was not improper or prejudicial to the plaintiff's interests.

We next address plaintiff's claim that the authority relied upon by the trial court in entering its interlocutory order applies exclusively to umpires and is inapplicable to arbitrators.

The trial court premised its decision that plaintiff was not entitled to a stay as a matter of law upon the reasoning employed by the Illinois Supreme Court in *Strong v. International Building Loan & Investment Union* (1899), 183 Ill. 97, 55 N.E. 675, where the Illinois Supreme Court held that when an attorney acts, with the consent of both litigants, in the character of an umpire for the determination of their differences, there is no conflict or inconsistency in such employment. *Strong*, 183 Ill. at 102-03, 55 N.E. at 677.

■ An arbitrator is a private, disinterested person, chosen by the parties to a disputed question, for the purpose of hearing their contention and giving judgment between them; to whose decision (award) the litigants submit themselves either voluntarily, or, in some cases, compulsorily. (Black's Law Dictionary 96 (5th ed. 1979).) An umpire is defined as a third party selected to arbitrate a labor dispute, or one clothed with authority to act alone in rendering a decision where arbitrators have disagreed. When matters in dispute are submitted to two

or more arbitrators, and they do not agree in their decision, it is usual for another person to be called in as "umpire," to whose sole judgment it is then referred. An umpire, strictly speaking, makes his award independently of that of the arbitrators. (Black's Law Dictionary 1365 (5th ed. 1979).) An umpire acts in the nature of a sole arbitrator and is obligated to hear and determine the entire matter in controversy. See *Ingraham v. Whitmore* (1874), 75 Ill. 24, 30.

The court in the *Strong* case recognized that where litigants submit their dispute to an attorney for his or her determination of the issues and rights involved, that attorney acts in the character of an umpire or arbitrator. In such a situation, that attorney is acting as the impartial fact finder and decision maker over the matters in controversy and is not acting as counsel or advocate of any of the litigants. Because an arbitrator or umpire acts as a disinterested decision maker and does not act as an advocate for any of the individual litigants, it cannot be said that he or she represents conflicting interests. An attorney who acts as arbitrator traditionally does so with the consent of the parties to the controversy. The functions and characteristics of arbitrators are virtually identical to those of umpires. *Ingraham*, 75 Ill. at 30.

■ The reasoning employed by the *Strong* court clearly applies to arbitrators as well as to umpires where the parties have voluntarily chosen the arbitrators and invested in those persons the authority to decide the matters in controversy. Consequently, we find unpersuasive plaintiff's claim that the decision in *Strong* does not apply to arbitrators.

Plaintiff also asserts that even if the holding in *Strong* is applicable to arbitrators, it is not controlling under the facts and circumstances of the instant case. In support of this assertion, plaintiff argues that an inherent conflict of interest arises where, as here, attorneys have represented multiple parties with adverse interests and subsequently assumed the role of arbitrators to decide the same matter in controversy.

The defendants have denied that the arbitrators' actions can be characterized in the manner set forth by the plaintiff. Rather, the defendants state that the arbitrators in the case at bar never represented any of the individual parties as an adversary against any of the other parties. The defendants acknowledge that the arbitrators had represented the parties individually and as a group, but state that this representation involved unrelated matters. Defendants strenuously argue that the arbitrators did not represent any of the individual parties during the arbitration proceeding and had not acted as

counsel or advocate for any party in particular. Thus, the defendants argue, the arbitrators were not required to take views in opposition to those of any of the individual parties to the dispute. In addition, the defendants argue that the arbitrators had no personal interest in the outcome of the proceedings.

■■ The record indicates that in the arbitration agreement and during the arbitration proceedings the arbitrators fully disclosed their relationships with the parties in accordance with Canon IIA of the Code of Ethics for Arbitrators in Commercial Disputes (Canon IIA, Code of Ethics for Arbitrators in Commercial Disputes, *reprinted in* R. Gorlin, Codes of Professional Responsibility (1986)) and in accordance with section 19 of the American Arbitration Association's Commercial Arbitration Rules (Com. Arb. Rules, App. VII, §19 (Am. Arb. A.), *reprinted in* G. Wilner, Domke on Comm. Arbitration, Appendix VII (rev. ed. 1990)).

The record also reveals that after such disclosures had been made each of the parties specifically agreed to proceed with the arbitration and to have their dispute resolved by two arbitrators, Leighton and Balson. Each of the parties specifically stated in the agreement and on the record of the arbitration proceedings that he had waived any right to assert privilege or a conflict of interest which might have existed as a result of the legal representation of any or all of the parties by Leighton and Balson. All of the parties stated on the record that they voluntarily chose to proceed with the arbitration without any objection. The parties also stated that they understood that they each had the right to have an attorney present to represent their individual interests during the arbitration but chose to proceed without counsel.

Based upon this record, we hold that the trial court properly relied upon the decision in *Strong* and found that there was insufficient evidence to indicate that the arbitrators would necessarily favor the interests of one party over those of another and should, therefore, have been disqualified as a matter of law.

Plaintiff next asserts that he was entitled to a stay of the arbitration award.

Section 12 of the Illinois Arbitration Act provides, in pertinent part:

> "Vacating an award. (a) Upon application of a party, the court shall vacate an award where:
>
> (1) The award was procured by corruption, fraud, or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers." Ill. Rev. Stat. 1989, ch. 10, par. 112(a).

Plaintiff contends that he has established that he was entitled to a stay of the arbitration award because he was fraudulently induced to enter into the arbitration agreement and because the arbitrators acted with partiality and bias in favor of defendants.

In support of these contentions, plaintiff asserts that he only signed the arbitration agreement upon the advice of arbitrator Leighton and after defendant Russell signed an acknowledgement that plaintiff was the sole owner of Stealth Industries, Inc. Plaintiff also asserts that he was compelled to sign the arbitration agreement based upon the promises of the arbitrators that Christopher would then return to work at Stealth Industries and Russell would then assist in unfreezing the corporation's bank accounts. Plaintiff asserts further that the partiality and bias of the arbitrators was evident from the fact that they engaged in *ex parte* communications with the parties and "ignored" the acknowledgements signed by Russell and other evidence indicating that plaintiff was the sole owner of Stealth Industries. Plaintiff asserts further that the arbitrators had a direct and definite interest in the outcome of the arbitration proceedings. Finally, plaintiff asserts that the arbitrators exceeded their powers by eliminating the third arbitrator, by transferring ownership of the corporation, and by determining the assets of the corporation.

█ Plaintiff seems to argue that a stay should have been granted on the basis of his allegations alone and that the filing of his complaint was adequate to trigger the grant of a stay. This is clearly not the case. Rather, the allegations in plaintiff's complaint must be proved by clear and convincing evidence. *Ronwin v. Piper, Jaffray & Hopwood, Inc.* (1983), 113 Ill. App. 3d 687, 692-93, 447 N.E.2d 954, 958; *Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 1050-51, 392 N.E.2d 198, 203.

At the time plaintiff filed his notice of appeal, there was no evidence before the trial court to support plaintiff's contentions. The trial court had not yet had the opportunity to hold an evidentiary hearing on the allegations raised in the complaint. The court had not determined the factual question of whether plaintiff was entitled to a stay of the arbitrators' award. All the trial court had decided was whether plaintiff was entitled to a stay of the award as a matter of law. The trial judge fully recognized and stated on the record that an

evidentiary hearing was required before he could decide whether plaintiff had established that he was entitled to a stay. At present, the record contains only plaintiff's allegations as set forth above. There is no evidence in support of these allegations, and there is no ruling by the trial court as to whether plaintiff had proved his allegations. Consequently, the record is wholly insufficient for this court to consider plaintiff's assertions and plaintiff's appeal on this issue is premature. See *In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 553, 535 N.E.2d 818, 823.

We next consider plaintiff's assertion that the trial court erred in finding that the appointed arbitrators need not have been disqualified, as a matter of law, based upon conflicts of interest as a result of their legal representation of the parties.

The majority of plaintiff's argument on this issue concerns his claims that the arbitrators in the instant case should have been disqualified as a matter of law. These claims have been discussed above, and we deem it unnecessary to repeat that discussion here.

The thrust of the remainder of plaintiff's argument on this issue centers around his claim that the alleged conflict of interest could not, as a matter of law, be waived by the parties because any such waiver would be unintelligent and uninformed. This argument is without merit.

■ The only case cited by plaintiff in support of this contention is *Klemm v. Superior Court* (1977), 75 Cal. App. 3d 893, 142 Cal. Rptr. 509, which held that as a matter of law a purported consent of dual representation of litigants with adverse interests at a contested hearing would be neither intelligent nor informed. This case is clearly distinguishable from the case at bar. The instant case does not involve a situation of dual representation of adverse litigants. Rather, it involves attorneys who had represented the parties to the dispute in unrelated matters and fully disclosed these relationships prior to their appointment as impartial arbitrators. All of the parties to the dispute stated on the record that they understood the nature of these relationships and chose to waive any confidentiality or conflict of interest claims and to proceed with the arbitration without objection.

Consequently, the *Klemm* decision is not controlling here, and plaintiff has offered no citations to authority in support of his claim. Moreover, the trial court had entered no ruling on the validity of the waiver of the confidentiality or conflict of interest claims because the court had not yet had the opportunity to hold an evidentiary hearing prior to the filing of plaintiff's notice of appeal. As a result, this court

has not been furnished with an adequate record to enable it to address plaintiff's claims raised in this issue.

Finally, we address plaintiff's contention that the award entered by the arbitrators should be set aside. Plaintiff attempts to argue that the award of the arbitrators was erroneous on its face and must be set aside as a matter of law.

This argument could not properly be raised on appeal, and this court, therefore, is precluded from considering the claims asserted by plaintiff.

■ As previously indicated, the trial court issued a ruling only as to the disqualification of the arbitrators as a matter of law based upon their prior relationships with the parties to the dispute. The plaintiff took an immediate interlocutory appeal from that ruling before the court had an opportunity to hold an evidentiary hearing or to rule on the substance of the factual assertions contained in plaintiff's complaint. Consequently, the trial court never decided or even had an opportunity to address the claims made by plaintiff in this issue.

As a result, this court has not been furnished with an adequate record to enable it to address plaintiff's claims raised in this issue. Moreover, this issue is not properly before this court because plaintiff has appealed only the trial court's order of October 15, 1990, which did not include any ruling on the arguments made by plaintiff in this issue. See *E.J. De Paoli Co. v. Novus, Inc.* (1987), 156 Ill. App. 3d 796, 798, 510 N.E.2d 59, 60.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed, and the cause is remanded to the trial court for further proceedings.

Affirmed and remanded.

McNAMARA and EGAN, JJ., concur.